# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS (HOUSTON)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| **In re** | **Chapter 11** |
| **SMILEDIRECTCLUB, INC.,** *et al.,* | **Case No. 23-90786 (CML)** |
| **Debtors.**[1] | **(Jointly Administered)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SCHEDULE OF ASSETS AND LIABILITIES FOR CAMF II, LLC (CASE NO. 23-90788)

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SmileDirectClub. The location of Debtor SmileDirectClub, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1530 Antioch Pike, Antioch, Tennessee 37013.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SMILEDIRECTCLUB, INC., *et al.*,[1] | ) Case No. 23-90786 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**GLOBAL NOTES AND**
**STATEMENT OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On September 29, 2023 (the "Petition Date"), SmileDirectClub, Inc. and eight of its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor" and, collectively, the "Debtors") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On October 13, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 138]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

The Debtors have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and, together with the Schedules, the "Schedules and Statements") with the Bankruptcy Court. The Debtors, with the assistance of their legal and restructuring advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of the Bankruptcy Code, rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") are incorporated by reference in, and comprise an integral part of, each of

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SmileDirectClub. The location of Debtor SmileDirectClub, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1530 Antioch Pike, Antioch, Tennessee 37013.

the Debtors' Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date, the Bankruptcy Court entered the *Order Directing Joint Administration of the Chapter 11 Cases* [Docket No. 28], authorizing joint administration and procedural consolidation of these chapter 11 cases.  The Chapter 11 Cases have been consolidated for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1 and are being jointly administered under case number 23-90786 (CML).   Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

**The Schedules and Statements and these Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

<u>**Reservation of Rights**</u>.  The Debtors' Chapter 11 Cases are large and complex.  The Debtors' management, with the assistance of its advisors, has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.

The Debtors have made reasonable efforts to schedule the assets and liabilities, required financial information, and cash disbursements according to the appropriate Debtor entity. However, because the Debtors' accounting systems and practices were developed for consolidated reporting purposes, it is possible that not all scheduled information is attributed or recorded with the correct Debtor entity on these Schedules and Statements.

Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred.  As the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate and/or complete.   Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements.

The Debtors have made reasonable efforts to characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly.  Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  In addition, certain items reported in the Schedules and Statements could be included in

---

[2]   These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of an individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

more than one category.  In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

Nothing contained in the Schedules and Statements or these Global Notes is intended as, or shall be construed as or constitute, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.  Additionally, nothing contained in the Schedules and Statements or these Global Notes shall be construed as a waiver of any rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party, any issues involving substantive consolidation for plan purposes, equitable subordination, and/or defenses or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant and/or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract.  Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection. The Debtors reserve their respective rights to dispute, or assert offsets, setoffs, or defenses to, any claim reflected on the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, and/or unliquidated.

These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

1. **Basis of Presentation**.  The Debtors historically prepared consolidated quarterly and annual consolidated financial statements that were audited annually and included all of the Debtors, as well as affiliated non-Debtor entities.  Unlike the consolidated financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the Debtors.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with General Accepted Accounting Principles ("GAAP"), the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or any other generally

accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors.

The Schedules and Statements are not intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

2. **Reporting Date**. Each Debtor operates on a fiscal year ending on December 31st annually. The Debtors perform a closing of the books on a monthly basis, which includes typical month-end adjustments and accruals. Due to accounting system limitations and to avoid undue burden on company resources, no closing of the books was performed as of Petition Date. As such, all asset and liability information, except where otherwise noted, is provided as of the nearest closing date, September 30, 2023, one day after the Petition Date.

3. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars, which the Debtors use as their reporting currency. The Debtors and their affiliates conduct business in several foreign jurisdictions and foreign currencies. Where applicable, financial information presented on the Statements and Schedules reflects applicable currency translation adjustments.

4. **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to reported amounts, including but not limited to, amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of filing the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ materially from these estimates. The Debtors reserve the right to amend the reported amounts of assets, liabilities, contingent assets and contingent liabilities, revenues, and expenses to reflect changes in those estimates or assumptions.

5. **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined values or, conversely, claims listed as unliquidated, contingent and / or disputed, the actual totals may be different than the listed totals.

6. **Undetermined, to Be Determined or Unknown Amounts**. The description of an amount as "undetermined," "to be determined," or "unknown" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

7. **Asset Presentation and Valuation**.  The Debtor assets presented are based on values consistent with their books and records.  These values do not purport to represent the ultimate value that would be received in the event of a sale, and may not represent economic value as determined by an appraisal or other valuation technique.  As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value on the Debtors' books (*e.g.*, net book value), rather than current economic values, is reflected on the Schedules and Statements.

8. **Cash Management**.  The Debtors use an integrated, centralized cash management system to facilitate the collection, concentration, and disbursement of the various Debtors' funds as they service customers across all 50 U.S. states, Canada, the United Kingdom, Australia, Ireland, and Puerto Rico.  As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system.  A description of the Debtors' prepetition cash management system is contained in the *Debtors' Emergency Motion For Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Maintain Existing Bank Accounts, Business Forms, and Books and Records, and (C) Continue Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief* [Docket No. 14] (the "Cash Management Motion").  Pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Maintain Existing Bank Accounts, Business Forms, and Books and Records, and (C) Continue Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief* [Docket No. 63] (the "Cash Management Order"), the Debtors received authority to continue to collect, concentrate, and disburse cash in accordance with the Cash Management System.

9. **Contingent Assets and Causes of Action**.  Prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of business against third parties seeking monetary damages.  Refer to each Statement, Part 3, Question 7, for lawsuits commenced prior to the relevant Petition Date.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any causes of action, avoidance actions, controversy, right of set-off, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be

5

deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) guarantees, (ii) indemnities, (iii) intercompany loans, (iv) tax-sharing agreements, (v) warranties, (vi) operational and servicing agreements, (vii) shared service agreements, and (viii) other arrangements.

10. **Guarantees and Other Secondary Liability Claims**.  The Debtors have exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  Where such Guarantees have been identified, they have been included on Schedule H for the affected Debtor or Debtors.  However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve all of their rights to amend, supplement, and otherwise modify the Schedules to the extent that additional Guarantees are identified.

11. **Leases and Executory Contracts**.  Certain contracts or leases of the Debtors are reflected twice in a Debtor's Schedules – once in the Debtor's Schedule G as an executory contract and again in the in its Schedule D or F, as appropriate, based on the value of open A/P due to the contract counterparty.  Nothing herein or in the Schedules or Statements shall be construed as a concession, admission, or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.

12. **Intercompany Transactions**.  In the ordinary course of business, the Debtors maintain business relationships with each other and their non-Debtor affiliates and regularly engage in transactions through various intercompany arrangements resulting in intercompany receivables and payables (the "Intercompany Balances").  Pursuant to the Cash Management Order, the Bankruptcy Court has granted the Debtors authority to continue to engage in postpetition intercompany transactions in the ordinary course of business subject to certain limitations set forth therein.  At any given time, there may be Intercompany Balances owing between Debtor entities and between the Debtors and their non-Debtor affiliates as detailed in the Cash Management Motion.  The Debtors and their affiliates operate and report on business operations on a consolidated basis, eliminating intercompany balances between Debtor and non-Debtor affiliates.  The Debtors have not performed a full reconciliation of Intercompany Balances.  As such, receivables and payables arising from certain inter-company transactions are presented as "undetermined" both as part of Schedule A/B 77 and Schedule E/F, Part 2.

For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes. Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records. Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records. The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not allowed at all. The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to later change the amounts, characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

In addition, certain of the Debtors act on behalf of other Debtors. Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

13. **Liabilities.**  Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time. In certain cases, such amounts are listed as "undetermined." The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

14. **Confidentiality**.  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record or otherwise not disclose information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual (including as authorized by the *Order (I) Waiving the Requirement to File a List of Equity Security Holders, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (IV) Granting Related Relief* [Docket No. 70] (the "Creditor Matrix Order"). The alterations were limited to only what is necessary to protect the Debtors or a third party.

15. **Paid Claims**.  Pursuant to certain orders of the Bankruptcy Court entered in these Chapter 11 Cases (collectively, the "First Day Orders"), the Bankruptcy Court has authorized the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, payments relating to the Debtors' employee wages and compensation, severance, benefits, and reimbursable business expenses; goods and services ordered prepetition but received post-petition; insurance obligations, and pre-petition taxes and fees.  Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders and other orders that may have been entered by the Bankruptcy Court subsequent to entry of the First Day Orders.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements.  The Debtors reserve all rights to object to any listed claims on the grounds that, among other things, such claims have already been satisfied pursuant to an order of the Bankruptcy Court.

16. **Excluded Assets and Liabilities**.  The Debtors believe that they have identified all material categories of assets and liabilities in the Schedules.  Although the Debtors have performed normal month-end closing procedures, certain accruals which may be included in their GAAP financial statements may be excluded from the Schedules.  Such accruals may include:  accrued salaries, employee benefit accruals, deferred revenue, and certain other accruals, capitalized interest, debt acquisition costs, goodwill, financial instruments, certain other assets, and gains. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist. Other immaterial assets and liabilities may also have been excluded.

17. **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have expired by their terms.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have not expired by their terms. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  The Debtors reserve all of their rights as to the legal status of all intellectual property rights.

18. **Liens**.  The inclusion on Schedule D of creditors is not an acknowledgement of the validity, extent, or priority of any liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.  A careful review of the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same.  Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Bankruptcy Court

as not being disputed by the Debtors.  It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

19. **Insiders**.  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe would be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  For the purposes of Statement Question 29, the officers and directors who have left the Company all did so prior to the lookback period.  For purposes of Statement Question 4 and 30, the Debtors have only included payments to current officers and directors, including officers and directors on leave of absence, and known related parties for each individual Debtor entity to the extent available based on current records.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Parties listed as "insiders" have been included for informational purposes only, and such information may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent of which any party exercised management responsibilities or functions; (c) corporate decision making authority over the Debtors; or (d) whether the Debtors or any such insider could successfully argue that such party is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (e) for any other purpose.

20. **Signatory**.  The Schedules and Statements have been signed by Troy Crawford, Chief Financial Officer of SmileDirectClub, Inc.  Mr. Crawford is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Crawford has necessarily relied upon the efforts, statements and representations of various of the Debtors' personnel, professionals, and advisors.  Mr. Crawford has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors classification of such amounts, and their addresses.

21. **Limitation of Liability**.  The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or correctness of the data provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages

arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

## Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- <u>General</u>.  Each Debtor's assets in Schedule A/B are listed at net book value as of September 30, 2023, unless otherwise noted, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.

- <u>Cash and Cash Equivalents (AB1 through AB5)</u>.  The reported bank balances include the reconciled cash ledger balances as of September 30, 2023, exclusive of restricted cash and equivalents.

- <u>Deposits (AB7)</u>.  Deposit balances include amounts held in restricted cash and equivalent accounts collateralizing secured debt listed on Schedule D Part 1.  The Debtors have made reasonable efforts to identify all deposits.  However, the Schedules may not reflect an exhaustive list of deposits.

- <u>Prepayments (AB8)</u>.  The Debtors have made reasonable efforts to identify all prepayments.  However, the Schedules may not reflect an exhaustive list of all prepayments.

- <u>Accounts Receivable (AB11)</u>.  Accounts receivable include billed and unbilled trade receivables in aggregate as of September 30, 2023.  Aggregated accounts receivable balances may include certain negative accounts receivable due to credits, overpayments, or other reasons.  To the extent such negative accounts receivable are included in each Debtors' accounts receivable aging balance, such claim would not be reported on schedule E/F.

- <u>Non-publicly traded stock (AB15)</u>.  Ownership interests in subsidiaries and other affiliates have been identified in AB15 in an undetermined value, as the fair market value of such ownership interest would be difficult to ascertain.  Each Debtor's Schedule A/B reflects only those subsidiaries, trusts, and other Debtor entities in which the Debtor has a direct ownership interest.  The Debtors have attempted to disclose all entity addresses, however, if no address has been readily available, those fields have been left blank.

- <u>Inventory (AB19 through AB26)</u>.  The Debtors' inventory balances are reported at cost, using "first in, first out" inventory accounting methodology.

- <u>Office Furniture, Fixtures and Equipment (AB38 through AB45) and Machinery, Equipment and Vehicles (AB46 through AB 53)</u>.  Items listed in AB38-45 are scheduled according to their net book value.  The Debtors have made reasonable efforts to identify all assets; however, it is possible that inadvertent errors, misclassifications, or omissions

may have occurred, or that property of *de minimis* value is not included in response to this question.  The Debtors maintain depreciation schedules for capitalized fixed assets.

- <u>Real Property (AB55 through AB59)</u>.  The Debtors do not own any real property but lease certain real property, as reflected on the Schedules.

- <u>Intangibles and Intellectual Property (AB60 through AB65)</u>.  The Debtors have made reasonable efforts to identify all intangibles and intellectual property on these Schedules.  However, the Schedules may not reflect an exhaustive list of intangibles and intellectual property.

- <u>Notes Receivable (AB71)</u>.  In 2021, Debtor SmileDirectClub, LLC entered into a 25-year term loan agreement in the face amount of $1,990,000.00 with a prospective member of the Debtors' partner network to facility the prospective partner's purchase of real property for its dental practice.  The partner network relationship was not consummated.  The non-Insider obligor under the note receivable to SmileDirectClub, LLC continues to make regular payments to the Debtor under the terms of the agreement.

- <u>Tax Refunds and Unused Net Operating Losses ("NOL") (AB72)</u>.  Certain of the Debtors are disregarded entities for tax purposes.  NOL data is presented based on the latest filed 2022 tax returns for each of the Debtors who file tax returns.  No allocation has been made of any tax-filing Debtor to its disregarded-for-tax-purposes subsidiaries.

- <u>Interests in Insurance Policies (AB73)</u>.  The Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies and other employee related policies.  A non-exhaustive list of the Debtors insurance policies and related information is available in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered Into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Honor and Renew the Premium Financing Agreement Entered Into Prepetition, (C) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, (D) Continue to Pay Brokerage Fees, and (I) Maintain the Surety Bond Program and (II) Granting Related Relief* [Docket 10]. The Debtors' interest in these types of policies is limited to the amount of the unamortized premiums, if any, as of September 30, 2023.

- <u>Causes of Action (AB74-75)</u>.  The Debtors have listed certain causes of action for which the Debtors believe there is a reasonable probability of recovery.  Exclusion of any cause of action from these schedules shall not constitute a waiver of any claim or right under such cause of action.  Further, exclusion of any such cause of action from this schedule shall not be interpreted as any Debtors' admission of recoverability or amount of Debtor's interest in such claim.

- <u>Other Property Not Already Listed (AB77)</u>. As discussed in Note 11 above, Debtors list intercompany receivables from Debtor and non-Debtor affiliates as "undetermined" value on Schedule AB77.

**Schedule D Notes**.

- Creditors' claims on Schedule D arose, or were incurred, on various dates.  In certain instances, the date on which such claim arose may be an open issue of fact.

- Except as otherwise agreed in accordance with a stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D.  The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

- In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

- The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

- Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Debtors' Emergency Motion for Entry of an Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Authorizing the Use of Cash Collateral, (IV) Modifying the Automatic Stay, and (V) Scheduling a Final Hearing* [Docket No. 16] (the "DIP Motion").

**Schedule E/F Notes**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date.  However, the actual value of claims against the Debtors may vary significantly from the represented liabilities.  Moreover, because the Debtors have scheduled all claims in U.S. dollars, foreign creditors asserting claims in local currencies may disagree with the scheduled amounts due to differences in applied conversion rate.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth

in the Schedules.  Parties in interest should consult their own professionals and advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The claims listed on Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a claim arose may be unknown or subject to dispute.  Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F was incurred or arose, fixing that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

- On Schedule E/F, Part 2, each Debtor has disclosed that Debtor's intercompany payables, with other Debtor and non-Debtor affiliated entities.  Intercompany payables reflect unreconciled amounts owed pursuant to various ordinary course transactions between, or on behalf, of Debtor and non-Debtor entities.  Such unreconciled amounts are scheduled as "undetermined."  The Debtors have made all reasonable efforts to schedule all outstanding obligations between each Debtor and other affiliated non-Debtor entities. Nonetheless, the list may be incomplete.

- The Bankruptcy Court has authorized the Debtors to pay, in whole or in part, prepetition claims relating to the Debtors' employee wages and compensation, benefits, and reimbursable business expenses.  Accordingly, a Debtor's Schedule E/F does not reflect those employee related claims due and owing as of the Petition Date that have been ultimately satisfied in accordance with the First Day Motions as of the filing of the Statements and Schedules.

- Certain litigations reflected as claims for or against one Debtor may relate to one or more of the other Debtors.  The Debtors have made commercially reasonable efforts to record these actions in the Schedules and Statements of each Debtor that is party to the action. The Schedules do not contain specific details of every litigation, such as the names and addresses of each party to a given litigation.  Additionally, the amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

- In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services.  As of the filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date.  The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices and/or make such payments. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect all credits or allowances due from the creditor.  The Debtors reserve all of their rights concerning credits or allowances.

- Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be or have been rejected in these chapter 11 cases.

**Schedule G Notes**.

- The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- In some cases, the same contract counterparty appears multiple times in a Debtor's Schedule G. This multiple listing is generally intended to reflect distinct agreements between the applicable Debtor and such counterparty, however, due to the magnitude of data, it is possible that a multiple listing may be the result of duplicates. As part of Schedule G, the Debtors made best efforts to include executory contracts and all supporting documents (e.g., amendments) to executory contracts listing.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. A Debtor's Schedule G may be amended at any time to add or remove, as the case may be, any omitted contract, agreement or lease.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the leases listed on Schedule G may contain renewal options, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may also be in the nature of conditional sales agreements or secured financings,

14

and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained.  In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

**Schedule H Notes**.

- In the ordinary course of businesses, the Debtors pay certain expenses on behalf of their subsidiaries.  For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other agreements.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.  The disclosure of a guarantee relationship in Schedule H does not constitute an admission by the Debtors as to the effectiveness or enforceability of such guarantee.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties.  Not all claims may have been set forth individually on Schedule H.

## Statement of Financial Affairs

**Statement Question 1 and 2 – Revenue**.  Revenues are based on the allocable revenue to each of the Debtor entities.

**Statement Question 3 – 90 Day Payments**.  The Debtors have made reasonable efforts to identify all disbursements made in the 90 days prepetition.  Due to the complex nature of the Debtors' cash management system and system reporting limitation, the listed 90-day payments may not constitute an exhaustive list.

Payments to insiders made in the ninety-day period before filing (and disclosed as part of the one-year period response to Statements, Part 2, Question 4) are not included in the response to Statements, Part 2, Question 3 – ninety-day payments.  Any overlap or duplication between or among the data presented in response to these disclosures is unintentional.

**Statement Question 4 – Payments to Insiders.**  The response to Question 4 contains the full list of payments made to insiders by the Debtor entities during the one year preceding the Petition Date, with the exception of automatic daily operational transfers between Debtor entities Access Dental Labs, and SmileDirectClub, LLC as described in the Cash Management Order.  Such automatic daily transfers are listed in the aggregate by month.  Certain insiders may have received payments from non-Debtor SmileDirectClub entities.  The Debtors have redacted certain

information where concerns for the privacy of individuals, including insiders, and the Creditor Matrix Order so requires.

**Statement Question 6 – Setoffs.**  The Debtors may incur certain setoffs and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, loan transactions, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

**Statement Question 7 – Legal Actions.**  The Debtors have made reasonable best efforts to identify all current pending litigation involving the Debtors; however, to the extent there have been omissions the Debtors will update accordingly.

**Statement Question 9 – Certain Gifts and Charitable Contributions.**  The Debtors have identified payments to one charitable organization and certain political contributions, including to lobbying organizations.  The Debtors are not able to identify which payments to lobbying organizations were made on account of lobbying services as compared to those that were made for the purposes of a political contribution.  As such, and out of an abundance of caution, the Debtors have listed all payment made to lobbying organizations, including those on account of lobbying services, in the 2 years prepetition.  There may have been some gifts of lesser values, of which the Debtors do not keep any records.

**Statement Question 11 – Bankruptcy Related Payments**.  Certain of the Debtors' advisors performed services in addition to restructuring services.  The Debtors' pre-petition tax advisor, PricewaterhouseCoopers LLP, provided restructuring tax advice as well as ordinary income tax services; FTI Consulting, Inc., the Debtors' restructuring advisor, also serves as back-up servicer for Debtors.  Foley & Lardner, LLP, the Debtors prepetition legal counsel, provided counsel regarding debt restructuring as well as ordinary course legal matters.  The Debtors have made reasonable efforts to separate bankruptcy and restructuring related payments to these professionals.  Nonetheless, certain of the amounts of payments presented herein may represent payments not related to bankruptcy.

**Statement Question 13 – Transfers of Other Property**.  As set forth in the *Order (I) Authorizing (A) The Sale of Debtor SDC Plane, LLC's Aircraft Free and Clear of Liens, Claims, and Encumbrances, (B) The Debtors' Entry Into and Performance Under the Purchase Agreement, and (C) The Payment of Certain Fees and Expenses in Connection Therewith and (II) Granting Related Relief* [Docket No. 160], entered October 18, 2023 (the "Aircraft Sale Motion"), Debtor SDC Plane, LLC sold its primary asset, a Dassault Aviation (FAA model Falcon 2000) aircraft. The purchase price was $5,250,000.  Any liens against the aircraft or claims against the Debtors satisfied by, or pursuant to, the Aircraft Sale Motion have been excluded from Debtor's Schedule D.

**Statement Question 14 – Previous Addresses**.  Due to the consolidated nature of the Debtors' operations, the same address may be listed on the schedules of multiple Debtors.  On October 27, 2023, the Debtors filed the *Notice of Change of Address* [Docket No. 184] informing parties in interest that they transitioned their headquarters from 414 Union Street, 8th Floor, Nashville, Tennessee 37219 to 1530 Antioch Pike, Antioch, Tennessee 37013.  To the extent the Debtors' former headquarters address is listed in the Schedules and Statements, such address shall be deemed to be updated to the new headquarters address.

**Statement Question 16 – Personally Identifiable Information**.  The Debtors collect personally identifiable information from their customers in the ordinary course.  The Debtors use the data solely for the purpose of providing their services to customers, the customization of services, and compliance with applicable legal requirements.  The Debtors maintain a privacy policy regarding such information.  The Creditor Matrix Order requires the Debtors to redact customers' personally identifiable information from the Schedules and Statements.

**Statement Question 17 – ERISA Plan as an Employee Benefit**.  The Debtors sponsor a 401(k) and Health and Welfare plan for their employees.  The plans are third-party administered and were active as of Petition Date.  Plan details are set forth in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 6].

**Statement Question 20 – Off-Premises Storage**.  In response to Statement Question 20, the Debtors list third-party distribution centers housing the Debtors' inventory for order fulfilment.  The appropriate employees are provided with access to these facilities subject to third-party fulfillment center policies.  Multiple individuals may have access to each listed facility.  The person with access listed for each facility is the primary person responsible for overseeing the assets held at the respective off-site facilities.

**Statement Question 25 – Businesses in Which the Debtors Have an Interest**.  The Debtors have listed the direct subsidiaries of each Debtor entity and the respective ownership percentage thereof.

**Statement Question 26a – Bookkeepers and Accountants Used Within 2 years Prepetition**.  The Debtors maintain their books and records internally utilizing various accounting personnel.  To avoid undue administrative burden and preserve confidentiality, Debtors have included only those personnel responsible for the custody of the books and records.  For avoidance of doubt, accounting and finance personnel below the Controller level have been excluded from this schedule.

**Statement Question 26b - Firms or Individuals Who Have Audited, Compiled, Or Reviewed Debtor's Books.**  The Debtors have used Ernst & Young LLP as their auditors since 2018.

**Statement Question 26c – Firms or Individuals in Possession of Debtor's Books of Account and Records**.  PricewaterhouseCoopers LLP is tax advisor for the Debtors.

**Statement Question 26d – Recipients of Financial Statements.**  Debtor SmileDirectClub, Inc. is a publicly traded company with publicly available financial statements.  Any number of parties may have received the Debtors' financial statements for the purposes of Statement Question 26d. Other than public filings, Debtors have not prepared financial statements for distribution to specific parties.

**Statement Question 27 – Inventories**.  The Debtors perform inventory counts on a quarterly basis. Inventory count results are provided for the two most recent counts.

**Statement Question 28 and 29 – Current and Former Officers and Directors.**  While the Debtors have made reasonable efforts to list all current officers, directors and beneficial owners, and their interest in the applicable Debtor, for each Debtor in response to Statement Questions 28 and 29, some may have been omitted.  Out of an abundance of caution, Debtor SDC Financial, LLC has disclosed membership interests of members which are, in fact or appearance, under common control of a person or entity in a position of control of any Debtor.

Specifically with respect to Question 29, no officers or directors have left the Debtors within the last year.  See Global Note "Insiders" for further information.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders.**  Refer to Statement Question 4 for this item.

**Statement Question 31 – Consolidated Group for Tax Purposes.**  Six of the Debtors are disregarded entities for tax purposes (Access Dental Lab, LLC; SmileDirectClub, LLC, SmileFarm, LLC; CAMF II, LLC; Ortho Lab Services LLC; and SDC Plane, LLC), the taxable activity for which is reported, along with other non-Debtor affiliates, on SDC Financial LLC's tax return.  SmileDirectClub, Inc. and SDC Holding, LLC each file separate tax returns.

**Statement Question 32 – Contributions to Pension Funds**.  The Debtors have no pension plans to which the company has contributed.  Refer to Part 9, Question 17 for information regarding the Debtors' 401(k) plans.

Debtor    **CAMF II, LLC**                     Case number (if known)    **23-90788**

Name

---

**Fill in this information to identify the case:**

Debtor name    **CAMF II, LLC**

United States Bankruptcy Court for the:    **Southern District of Texas (Houston)**

Case number (if known)    **23-90788**

☐ Check if this is an amended filing

---

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:**    **Summary of Assets**

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from Schedule A/B.............................................................. $    **0.00**

   1b. **Total personal property:**
   Copy line 91A from Schedule A/B............................................................ $    **Undetermined**

   1c. **Total of all property:**
   Copy line 92 from Schedule A/B.............................................................. $    **0.00**

---

**Part 2:**    **Summary of Liabilities**

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D............................ $    **5,000,000.00**
                           **plus undetermined amounts**

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................. $    **0.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................... +$    **0.00**

4. **Total liabilities** ...........................................................................................................
   Lines 2 + 3a + 3b             $    **5,000,000.00**
                      **plus undetermined amounts**

---

**Fill in this information to identify the case:**

Debtor name    **CAMF II, LLC**

United States Bankruptcy Court for the:    **Southern District of Texas (Houston)**

Case number (if known)    **23-90788**

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2.**    **Cash on Hand** | |
| 2.1 | $0.00 |

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **3.**    **Checking, savings, money market, or financial brokerage accounts** | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| 3.1 | | | $0.00 |

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **4.**    **Other cash equivalents** *(Identify all)* | |
| 4.1 | $0.00 |

Debtor   **CAMF II, LLC**

Name

Case number (*if known*)   **23-90788**

5.   **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$0.00

---

| Part 2: | Deposits and Prepayments |

6. **Does the debtor have any deposits or prepayments?**

☒ No. Go to Part 3.

☐ Yes. Fill in the information below

| | | **Current value of debtor's interest** |
|---|---|---|
| 7. | **Deposits, including security deposits and utility deposits** | |
| | Description, including name of holder of deposit | |
| 7.1 | | $0.00 |

| | | **Current value of debtor's interest** |
|---|---|---|
| 8. | **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** | |
| | Description, including name of holder of prepayment | |
| 8.1 | | $0.00 |

9.   **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.

$0.00

---

| Part 3: | Accounts receivable |

10. **Does the debtor have any accounts receivable?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below

| | | **Current value of debtor's interest** |
|---|---|---|
| 11. | **Accounts receivable** | |

12.   **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$0.00

---

Debtor  **CAMF II, LLC**
Name

Case number (*if known*) **23-90788**

| Part 4: | Investments |

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

■ Yes. Fill in the information below

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. | **Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| 14.1 | | | $0.00 |

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 15. | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| | Name of entity: | % of ownership | |
| 15.1 | Ortho Lab Services, LLC | 100.00 % | N/A | Undetermined |

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 16. | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: | | |
| 16.1 | | | $0.00 |

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

**Undetermined**

| Part 5: | Inventory, excluding agriculture asset |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.

☐ Yes. Fill in the information below

Debtor   **CAMF II, LLC**                                                                Case number (*if known*)   **23-90788**
_____
Name

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.** | **Raw materials** | | | |
| 19.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **20.** | **Work in progress** | | | |
| 20.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **21.** | **Finished goods, including goods held for resale** | | | |
| 21.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **22.** | **Other inventory or supplies** | | | |
| 22.1 | | | | $0.00 |

**23.  Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

| |
|---|
| **$0.00** |

**24.  Is any of the property listed in Part 5 perishable?**

☐ No.
☐ Yes.

**25.  Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes. Book value _____  Valuation method _____  Current Value _____

Debtor   **CAMF II, LLC** _____   Case number (*if known*)   **23-90788**
         Name

26.   **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|--------------------------------------------------------------------------------|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.

☐ Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28.   **Crops-either planted or harvested**

| 28.1 | | | $0.00 |
|---|---|---|---|

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

29.   **Farm animals** *Examples: Livestock, poultry, farm-raised fish*

| 29.1 | | | $0.00 |
|---|---|---|---|

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

30.   **Farm machinery and equipment** *(Other than titled motor vehicles)*

| 30.1 | | | $0.00 |
|---|---|---|---|

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

31.   **Farm and fishing supplies, chemicals, and feed**

| 31.1 | | | $0.00 |
|---|---|---|---|

Debtor   **CAMF II, LLC**
_____   Case number (*if known*) __23-90788__
Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **32.** **Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33.** **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

| |
|---|
| **$0.00** |

**34.** **Is the debtor a member of an agricultural cooperative?**

☐ No.

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No.

   ☐ Yes.

**35.** **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes. Book value _____   Valuation method _____   Current Value _____

**36.** **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.

☐ Yes.

**37.** **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 7:**   **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below

Debtor **CAMF II, LLC**
_____  Case number (*if known*) **23-90788** _____

Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.** **Office furniture** | | | |
| 39.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **40.** **Office fixtures** | | | |
| 40.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **41.** **Office equipment, including all computer quipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **42.** **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43.** **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86

| |
|---|
| **$0.00** |

**44.** **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.

☐ Yes.

Debtor **CAMF II, LLC**
_____     Case number (*if known*) **23-90788**
Name

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
| --- | --- |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
| --- | --- | --- | --- |
| **47.** | **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | |
| 47.1 | | | $0.00 |

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
| --- | --- | --- | --- |
| **48.** | **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors,floating homes, personal watercraft, and fishing vessels | | |
| 48.1 | | | $0.00 |

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
| --- | --- | --- | --- |
| **49.** | **Aircraft and accessories** | | |
| 49.1 | | | $0.00 |

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
| --- | --- | --- | --- |
| **50.** | **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | |
| 50.1 | | | $0.00 |

Debtor   **CAMF II, LLC**_____   Case number (*if known*) **23-90788**_____
Name

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

|  |
|---|
| $0.00 |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 9:**   **Real property**

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.

☐ Yes. Fill in the information below

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1 | | | | $0.00 |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.0 and entries from any additional sheets.
Copy the total to line 88

|  |
|---|
| $0.00 |

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.

☐ Yes.

Debtor **CAMF II, LLC** _____ Case number (*if known*) **23-90788**

Name

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

---

**Part 10:** **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 61. **Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 62. **Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |

Debtor  **CAMF II, LLC**                                                    Case number (*if known*)  **23-90788**
_____
Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **64.** | **Other intangibles, or intellectual property** | | |
| 64.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **65.** | **Goodwill** | | |
| 65.1 | | | $0.00 |

**66.**  **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

$0.00

**67.**  **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?

■ No.

☐ Yes.

**68.**  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

■ No.

☐ Yes.

**69.**  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

■ No.

☐ Yes.

**Part 11:**  **All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No. Go to Part 12.

☐ Yes. Fill in the information below

Debtor   **CAMF II, LLC**_____   Case number (*if known*) **23-90788**_____
   Name

| | Current value of debtor's interest |
|---|---|
| **71.** | **Notes receivable**<br>Description (include name of obligor) | |

71.1 _____ _____ _____   $0.00
                           Total face amount       doubtful or uncollectible amount

| | Current value of debtor's interest |
|---|---|
| **72.** | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |

72.1 _____    _____   $0.00

| | Current value of debtor's interest |
|---|---|
| **73.** | **Interests in insurance policies or annuities** | |

73.1 _____   $0.00

| | Current value of debtor's interest |
|---|---|
| **74.** | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |

74.1 _____   $0.00

| | Current value of debtor's interest |
|---|---|
| **75.** | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |

75.1 _____   $0.00

| | Current value of debtor's interest |
|---|---|
| **76.** | **Trusts, equitable or future interests in property** | |

76.1 _____   $0.00

Official Form 206A/B                Schedule A/B: Assets - Real and Personal Property                **Page 12**

Debtor   **CAMF II, LLC**                                           Case number (*if known*)   23-90788
_____                              _____
Name

|  | Current value of debtor's interest |
|---|---|

77.    **Other property of any kind not already listed Examples:** Season tickets, country club membership

77.1   _____                    $0.00

78.    **Total of Part 11.**
       Add lines 71 through 77. Copy the total to line 90.

|  |
|---|
| **$0.00** |

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

Debtor  **CAMF II, LLC**                                              Case number (*if known*)  **23-90788**
_____
Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$0.00** | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | **$0.00** | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | **$0.00** | |
| 83. **Investments.** *Copy line 17, Part 4.* | **Undetermined** | |
| 84. **Inventory.** *Copy line 23, Part 5.* | **$0.00** | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$0.00** | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| 88. **Real property.** *Copy line 56, Part 9*...........................................................> | | **$0.00** |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + **$0.00** | |
| 91. **Total. Add lines 80 through 90 for each column** | **$0.00 plus undetermined amounts** | +91b. **$0.00** |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | **$0.00 plus undetermined amounts** |

Official Form 206A/B                Schedule A/B: Assets - Real and Personal Property                **Page 14**

**Fill in this information to identify the case:**

Debtor name            **CAMF II, LLC**

United States Bankruptcy Court for the:            **Southern District of Texas (Houston)**

Case number (if known)        **23-90788**

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property            12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below

| Part 1: | **List Creditors Who Have Secured Claims** |

| Debtor | **CAMF II, LLC** | | Case number (if known) | **23-90788** |
|---|---|---|---|---|
| | Name | | | |

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>Amount of claim<br><br>Do not deduct the value of collateral. | **Column B**<br>Value of collateral that supports this claim |
|---|---|---|---|

| 2.1 | **Secured creditor name and mailing address** | **Describe debtor's property that is subject to a lien** | Undetermined | Undetermined |
|---|---|---|---|---|

CLUSTER HOLDCO LLC
222 LAVIEW AVE. SUITE 1550
WEST PALM BEACH FL 33401

All Assets UCC Filing

**Describe the lien**

**Secured creditor's email address**

**Is the creditor an insider or related party?**

■ No
☐ Yes

**Date debt was incurred**

8/4/2023

**Is anyone else liable on this claim?**

■ No
☐ Yes *Fill out Schedule H: Codebtors (Official Form 206H)*

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

---

| 2.2 | **Secured creditor name and mailing address** | **Describe debtor's property that is subject to a lien** | $5,000,000.00 | Undetermined |
|---|---|---|---|---|

CLUSTER HOLDCO LLC
222 LAVIEW AVE. SUITE 1550
WEST PALM BEACH FL 33401

Substantially all Assets Secured Promissory Note (guarantee)

**Describe the lien**

**Secured creditor's email address**

**Is the creditor an insider or related party?**

■ No
☐ Yes

**Date debt was incurred**

8/4/2023

**Is anyone else liable on this claim?**

☐ No
■ Yes *Fill out Schedule H: Codebtors (Official Form 206H)*

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | **$5,000,000.00**<br>**plus undetermined amounts** |
|---|---|---|

Debtor    **CAMF II, LLC**                                                      Case number (if known)  **23-90788**
          Name

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.
If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |

**Fill in this information to identify the case:**

Debtor name     **CAMF II, LLC**

United States Bankruptcy Court for the:     **Southern District of Texas (Houston)**

Case number (if known)     **23-90788**

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**     **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|

| Debtor | **CAMF II, LLC** | Case number (if known) | 23-90788 |
|---|---|---|---|
| | Name | | |

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

Debtor    **CAMF II, LLC** _____    Case number (if known)    **23-90788** _____

Name

| Part 3: | List Others to Be Notified About Unsecured Claims |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed ? | Last 4 digits of account number, if any |
|---|---|---|

Debtor    **CAMF II, LLC**                                                                 Case number (if known)    **23-90788**

       Name

**Part 4:**     **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor name   **CAMF II, LLC**

United States Bankruptcy Court for the:   **Southern District of Texas (Houston)**

Case number (if known)   **23-90788**

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

    ■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

**Fill in this information to identify the case:**

Debtor name   **CAMF II, LLC**

United States Bankruptcy Court for the:   **Southern District of Texas (Houston)**

Case number (if known)   **23-90788**

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1  Access Dental Lab, LLC | 1530 Antioch Pike<br>Antioch TN 37013 | CLUSTER HOLDCO LLC<br>(Secured Promissory Note) | ■ D    2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.2  Ortho Lab Services, LLC | 1530 Antioch Pike<br>Antioch TN 37013 | CLUSTER HOLDCO LLC<br>(Secured Promissory Note) | ■ D    2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.3  SDC Financial LLC | 1530 Antioch Pike<br>Antioch TN 37013 | CLUSTER HOLDCO LLC<br>(Secured Promissory Note) | ■ D    2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.4  SDC Plane, LLC | 1530 Antioch Pike<br>Antioch TN 37013 | CLUSTER HOLDCO LLC<br>(Secured Promissory Note) | ■ D    2.2<br>☐ E/F ____<br>☐ G ____ |

| Debtor | **CAMF II, LLC** | | | Case number (if known) | **23-90788** |
|---|---|---|---|---|---|
| | Name | | | | |

| 2.5 | SmileDirectClub, Inc. | 1530 Antioch Pike<br>Antioch TN 37013 | CLUSTER HOLDCO LLC<br>(Secured Promissory Note) | ■ D<br>☐ E/F<br>☐ G | 2.2 |
| 2.6 | SmileDirectClub, LLC | 1530 Antioch Pike<br>Antioch TN 37013 | CLUSTER HOLDCO LLC<br>(Secured Promissory Note) | ■ D<br>☐ E/F<br>☐ G | 2.2 |
| 2.7 | SmileFarm, LLC | 1530 Antioch Pike<br>Antioch TN 37013 | CLUSTER HOLDCO LLC<br>(Secured Promissory Note) | ■ D<br>☐ E/F<br>☐ G | 2.2 |

**Fill in this information to identify the case:**

Debtor name    **CAMF II, LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF TEXAS (HOUSTON)

Case number (if known)    **23-90788**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### ▮ Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■ *Schedule H: Codebtors* (Official Form 206H)

■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **October 31, 2023**    ✗ **/s/ Troy Crawford**
                                          Signature of individual signing on behalf of the debtor

                                          **Troy Crawford**
                                          Printed name

                                          **Chief Financial Officer**
                                          Position or relationship to debtor