IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| SMILEDIRECTCLUB, INC., *et. al*, | ) | Case No. 23-90786-CML |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

| | | |
|---|---|---|
| SHELIA FATTY, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Adv. Proc. No. _____ |
| Plaintiff | ) ) | |
| v. | ) ) | |
| SMILEDIRECTCLUB, INC., SMILEDIRECTCLUB, LLC, and ACCESS DENTAL LAB, LLC | ) ) ) ) | |
| Defendants. | ) | |

**CLASS ACTION ADVERSARY COMPLAINT FOR VIOLATION OF THE FEDERAL WARN ACT, 29 U.S.C. § 2101, *ET SEQ*.,**

**COMES NOW**, Plaintiff, Shelia Fatty, and files this Class Action Adversary Complaint against Defendants SmileDirectClub, Inc., SmileDirectClub, LLC, and Access Dental Lab, LLC, on her own behalf and on behalf of approximately 1,000 other employes, challenging Defendants' violations of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") and other labor laws.

**PARTIES**

1.  Plaintiff, Shelia Fatty, is an adult resident of the State of Tennessee. Plaintiff worked for Access Dental Lab, LLC until her termination on December 8, 2023.

1

2. Defendant SmileDirectClub, Inc., is a Delaware corporation that is headquartered in the State of Tennessee.

3. Defendant SmileDirectClub, LLC is a Limited Liability Company formed under the laws of the State of Tennessee.  Upon information and belief, it is owned by SmileDirectClub, Inc.

4. Defendant Access Dental Lab, LLC is a Limited Liability Company formed under the laws of the State of Tennessee.  Upon information and belief, it is owned by SmileDirectClub, Inc.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

6. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

7. This Court has personal jurisdiction over this matter because SmileDirectClub, Inc., SmileDirectClub, LLC, and Access Dental Lab, LLC ("the Defendants") conduct substantial business operations in this District.

## FACTUAL ALLEGATIONS

*The Defendants' Activities Post-Petition*

8. On September 29, 2023, the Defendants filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

9. From the petition date through at least December 20, 2023, the Defendants were actively operating their businesses.

10. On September 29, 2023, David Katzman, the Chief Executive Officer of SmileDirectClub, sent an email to all employees of the Defendants notifying them of the Chapter

11 filing and stating, in pertinent part: "First and foremost, today's filing is not a liquidation proceeding, but rather a restructuring of our business to improve our financial health and continue providing our customers affordable and convenient premium oral care."

11. David Katzman continued by stating, "[r]est assured, we are operating our business and serving our customers as we always have. Accordingly, you should see no change in your day-to-day responsibilities, and you should continue performing your role as usual."

12. The Defendants continued to operate their businesses in the traditional sense following the bankruptcy petition.

13. On December 5, 2023, David Katzman sent an additional email to all employees of the Defendants which thanked the employees of the Defendants for all their "hard work and devotion to" the Defendants' mission.

14. On December 20, 2023, the Defendants, with the remaining debtors in the consolidated Chapter 11 proceeding, filed the Debtors' Motion for Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases, (II) Approving Procedures for Dismissal and Distribution of the Debtors' Remaining Assets, and (III) Granting Related Relief.

15. In that Motion, the Defendants stated, "[t]he Debtors ***are operating*** their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code." (emphasis added).

16. Also in that motion, the Defendants explained the efforts taken in the "approximately 65-day marketing process" in which the Defendants sought a "sale of the Debtor's equity under a plan of reorganization… in partnership with the Founders or otherwise."

17. These efforts were unsuccessful, and the Defendants were unable to obtain an agreement for the sale of the Defendants and the other debtors.

3

18. Upon information and belief, one of the primary reasons that an agreement could not be reached is because the Defendants' directors and officers, David Katzman, Steven Katzman, and Jordan Katzman, among others, were unwilling to step down from their positions.

### *The Layoff*

19. On December 8, 2023, the Defendants laid off all their employees effective immediately.

20. On the same day, December 8, 2023, David Katzman sent an email to all employees of the Defendants which stated, "[t]his means that, effective today, we will be saying goodbye to all of our Team Members."

21. In that email, Mr. Katzman further stated that the Defendants and the remaining debtors were unable to find a buyer for the "whole company."

22. As promised in Mr. Katzman's email, Plaintiff, and approximately 1,000 additional employees, were laid off on December 8, 2023.

23. Plaintiff worked for the Defendants at the facility in Antioch, TN that was owned by the Defendants.

24. Approximately 300 additional employees worked at the Antioch, TN facility with Plaintiff.

25. All employees of the Defendants who worked at, reported to, and received their work from the Antioch, TN location were terminated on December 8, 2023.

26. In addition, approximately 700 employees worked at, reported to, and received their work from the Defendants' headquarters in Nashville, TN.

27. These employees met the same fate as Plaintiff and were terminated on December 8, 2023.

28. In total, approximately 1,000 employees of the Defendants were terminated on December 8, 2023.

29. Plaintiff and the approximately 1,000 other employees of the Defendants were not provided advance notice of their layoff.

30. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked few than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

*Single Employer Allegations*

31. Upon information and belief, SmileDirectClub, LLC and Access Dental Lab, LLC are subsidiaries of SmileDirectClub, Inc.

32. In addition to the common ownership between the entities, the Defendants were all under the control of the same directors and officers.

33. Because the Defendants were so integrated, the Defendants represented themselves as employers without specific corporate identification and in the aggregate as one company.

34. By way of example, in the three update emails sent by David Katzman from September 29, 2023, through December 8, 2023, Mr. Katzman referred to all of the Defendants' employees as "Team" or "Team Members."

35. The decision to terminate all of the Defendants' employees simultaneously on December 8, 2023, was represented as an action taken by a single company, making no differentiation between parent or subsidiaries.

36. Moreover, Plaintiff and all other employees who were terminated were directed to send any questions concerning their layoff to one single human resource department and email address.

37. Because the Defendants shared the same directors and officers and were under common ownership, the Defendants implemented the same personnel policies.

38. Last, because the companies shared the same directors, and were under the same ownership, the Defendants depended upon one another to operate.

39. The close affiliation of the Defendants is further exemplified by their request to have each other's bankruptcy petition administered jointly because they are "affiliates."

40. As such, SmileDirectClub, Inc., SmileDirectClub, LLC, and Access Dental Lab, LLC amount to a "single employer" for purposes of the WARN Act.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

**Nationwide Class**

All persons who were employed by and laid off by the Defendants on December 8, 2023.

42. <u>Numerosity – Fed R. Civ. P. 23(a)(1).</u>  The Class contains approximately 1000 individuals, the joinder of which in one action would be impracticable.  The exact number or identification of the Class Members is presently unknown.  The identity and number of the Class Members is ascertainable and can be determined from the Defendants' records.

43. <u>Predominance of Common Questions -</u> <u>Fed R. Civ. P. 23(b)(3).</u>  The questions of law and fact common to the Class predominate over questions affecting only individual Class Members, and include, but are not limited to:

6

    a.    Whether the Class Members were employees of the Defendants;

    b.    Whether Defendants gave the requisite 60 days' advanced written notice;

    c.    Whether Defendants can avail itself of any affirmative defenses;

    d.    Whether the proposed class has enough members for this class action to proceed;

    e.    Whether the Defendants amount to a "single employers;"

    f.    Whether Defendants paid the Class Members 60 days' wages and benefits as required by the WARN Act.

44. Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Individual questions, if any, are not prevalent in comparison to the common questions that dominate this action.

45. <u>Typicality – Fed R. Civ. P. 23(a)(3).</u> Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendants' conduct.

46. <u>Adequacy – Fed R. Civ. P. 23(a)(4); 23(g)(1).</u> Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interest incompatible with the interests of the Class, and has retained counsel competent and experienced in such class action litigation.

47. <u>Superiority – Fed. R. Civ. P. 23(b)(3).</u> This case is best suited as a class action because individual litigation of each Class Members' claims would be impracticable and unduly burdensome on the courts. Because of the size of each individual Class Members' claim, no Class Member could afford to seek legal redress for the wrongs identified in the Complaint. A class

action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I – VIOLATION OF THE FEDERAL WARN ACT

48. Plaintiff, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

49. Plaintiff and other affected employees who have worked for the Defendants are entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et. seq.*

50. Defendants are subject to the notice and back pay requirements of the federal WARN Act because the Defendants are a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

51. Defendants engaged in conducting mass layoffs or plant closings but have not provided affected employees with the required notice under the federal WARN Act.

52. The Defendants should be considered a "single employer," and thus, are jointly and severally liable for the damages sustained as a result of the violation of the WARN Act.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests this Court enter the following relief:

a. Declare and find that the Defendants have violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*;

b. Certify this case as a class action;

c. An allowed administrative claim pursuant to 11 U.S.C. § 503(b)(1)(A)(i), (ii) against the Defendants in favor of Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage; continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

d. An allowed administrative priority claim against Defendants under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

e. Award pre- and post-judgment interest;

f. Award reasonable attorneys' fees, costs, and expenses; and

g. Award any and all additional relief the Court may deem appropriate.

Respectfully Submitted,

**SHELIA FATTY**

/s/ William "Jack" Simpson_____
WILLIAM "JACK" SIMPSON, MBN106524
*Attorney for Shelia Fatty*

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS  38829-0382
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: jsimpson@langstonlott.com
*Admitted Pro Hac Vice*