**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SMILEDIRECTCLUB, INC., *et al.*[1] | Case No. 23-90786 (CML) |
| Debtors. | (Jointly Administered) |

**SECURITIES PLAINTIFFS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO ALLOW SERVICE OF A DOCUMENT PRESERVATION SUBPOENA**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **RELIEF IS REQUESTED NOT LATER THAN 2:00 PM ON JANUARY 18, 2024.**
>
> **THIS IS A MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AS SET FORTH ABOVE. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SmileDirectClub. The location of Debtor SmileDirectClub, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 414 Union Street, 8th Floor, Nashville, Tennessee, 37219.

Class Representatives Brittany Vang and Matthew G. Mancour ("Class Representatives") in the certified class action securities litigation *In re SmileDirectClub, Inc. Securities Litigation*, Case No. 19-1169-IV, pending in the Chancery Court for Davidson County, Tennessee, Part IV (the "State Securities Litigation"), and proposed class representatives and court-appointed lead plaintiff 1199SEIU Health Care Employees Pension Fund and plaintiff Bucks County Employees Retirement System ("Federal Plaintiffs" and together with Class Representatives, "Securities Plaintiffs") in the consolidated securities class action *Adam Franchi v. SmileDirectClub, Inc.*, Case No. 3:19-cv-00962, pending in the United States District Court for the Middle District of Tennessee (the "Federal Securities Litigation" and together with the State Securities Litigation, the "Securities Litigations"), on behalf of themselves, the members of the certified class in the State Securities Litigation,[2] and the substantially similar proposed class in the Federal Securities Litigation (together, and as described more fully below, the "Classes"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (the "Proposed Order") granting limited relief from the automatic stay pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") to allow service of a document preservation subpoena, in a form attached to the Proposed Order (the "Preservation Subpoena") for purposes of preserving documents related to the Securities Litigations that are currently held or controlled by the above-captioned debtors-in-possession (the "Debtors"), and/or which may come into the Debtors' possession or control at a future date (collectively and as further described herein, the "Books and Records").  In support of this Motion, Securities Plaintiffs respectfully state as follows:

---

[2] As discussed below, class certification in the State Securities Litigation has been affirmed on appeal.

**PRELIMINARY STATEMENT**[3]

1. This Motion is brought to preserve evidence relevant to the Securities Litigations and avoid undue prejudice to Securities Plaintiffs and the Classes. The Securities Litigations are securities class actions brought on behalf of investors who suffered significant losses as a result of multiple materially untrue and misleading statements and omissions made regarding the Debtors' business.

2. In the midst of the Securities Litigations, before discovery could be completed, the Debtors filed the Chapter 11 Cases. As the Debtors were unable to restructure their businesses in the Chapter 11 Cases, and are administratively insolvent, the Debtors have now commenced a wind-down of their business operations and are seeking a structured dismissal of the Chapter 11 Cases.

3. Given the Debtors' proposed path forward, absent permission to immediately issue a preservation subpoena requiring the Debtors to preserve relevant documents and information, Securities Plaintiffs and the Classes may be prejudiced by the potential destruction, disappearance, and loss of relevant documents and electronically stored information. To avoid undue prejudice, and to ensure that all documents and information relevant to pursuing the rights of Securities Plaintiffs and members of the Classes are preserved, Securities Plaintiffs request relief from the automatic stay for the limited purpose of serving the Preservation Subpoena on the Debtors, requiring preservation of documents relevant to the Securities Litigations in the Debtors' possession or control, or which may come into the Debtors' possession or control.

4. Securities Plaintiffs do not seek, at this time, any stay relief that would require the Debtors to take any affirmative action in the Securities Litigations.

---

[3]   Capitalized terms used in this Preliminary Statement have the meanings given herein.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and Rule 4001 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

**FACTUAL BACKGROUND**

**I.  The State Securities Litigation**

7. Brittany Vang and Matthew G. Mancour are Class Representatives in the State Securities Litigation filed on September 27, 2019 in the Chancery Court for Davidson County, Tennessee, Part IV (the "State Court"), against certain of the Debtors' current and former directors and officers, underwriters, shareholders, and other related parties, none of whom are Debtors (the "State Non-Debtor Defendants"), and also against SmileDirectClub, Inc. ("SmileDirect").

8. The complaint in the State Securities Litigation (the "State Complaint") asserts causes of action for violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), and has been affirmed by multiple courts. Specifically, the claims allege that the State Non-Debtor Defendants, and SmileDirect, made multiple materially untrue and misleading statements regarding SmileDirect's business. Notably, certain of the State Non-Debtor Defendants collectively received hundreds of millions of dollars from issuing the SmileDirect securities at issue in the State Securities Litigation, the same securities on which the Certified State Class (defined below) suffered substantial losses. Members of the Certified State Class, by contrast, suffered substantial losses.

-3-

9. On February 10, 2020, the State Non-Debtor Defendants and SmileDirect filed a motion to stay, or in the alternative, dismiss the State Securities Litigation, which the State Court denied in full on June 4, 2020. The State Court's decision was upheld on appeal to the Tennessee Court of Appeals on August 20, 2020. On November 12, 2020, the Tennessee Supreme Court denied State Non-Debtor Defendants' and SmileDirect's application for permission to appeal the decision of the Tennessee Court of Appeals.

10. On April 28, 2021, the State Court entered an order certifying a class in the State Securities Litigation (the "Certified State Class") comprised of "all persons who purchased or acquired common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with SmileDirect's September 12, 2019 initial public offering."

11. On March 18, 2022, the Court of Appeals of Tennessee at Nashville affirmed the trial court's certification of the Certified State Class as to the claims under Section 11 and 15 of the Securities Act.[4]

12. A temporary stay of the State Securities Litigation with respect to the State Non-Debtor Defendants expired on December 1, 2023 at noon.

**II.   The Federal Securities Litigation**

13. On October 19, 2019, Adam Franchi filed a complaint commencing the Federal Securities Litigation, on behalf of himself and a proposed class against SmileDirect and others, in the United States District Court for the Middle District of Tennessee (the "District Court").

14. On January 27, 2020, the District Court entered an Order appointing 1199SEIU Health Care Employees Pension Fund as lead plaintiff in the Federal Securities Litigation.

---

[4] The Court of Appeals of Tennessee did not uphold certification as to the claim under Section 12 of the Securities Act.

15. On March 30, 2021, Federal Plaintiffs filed the Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Federal Complaint") on behalf of themselves and a proposed class against certain of the Debtors' current and former directors, officers, underwriters, and shareholders (the "Federal Non-Debtor Defendants" and together with the State Non-Debtor Defendants the "Non-Debtor Defendants"), none of whom are Debtors, and also against SmileDirect (collectively with the Non-Debtor Defendants, "Defendants").

16. The Federal Complaint asserts claims under Sections 11, 12(a)(2), and 15 of the Securities Act and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of purchasers of SmileDirectClub, Inc. Class A common stock between September 12, 2019 and March 12, 2020, inclusive (the "Proposed Federal Class").

17. On September 30, 2022, the District Court substantially denied the Federal Non-Debtor Defendants' and SmileDirect's motion to dismiss the Federal Securities Litigation.

18. On June 5, 2023, Federal Plaintiffs filed a motion for certification of the Proposed Federal Class, which remains pending.

19. A trial in the Federal Securities Litigation is currently scheduled for July 2024.

20. On October 13, 2023, the District Court entered an order staying the Federal Securities Litigation against SmileDirect in light of the filing of the Chapter 11 Cases. The Federal Non-Debtor Defendants assert that the stay does or should extend to the Federal Non-Debtor Defendants in the Federal Securities Litigation, while Federal Plaintiffs assert that the stay does not and should not extend to the Federal Non-Debtor Defendants. The District Court has not yet determined whether the stay will extend to the Federal Non-Debtor Defendants in the Federal Securities Litigation (and Federal Plaintiffs have asserted that the District Court is not the appropriate court to make that determination in any event). The Debtors have not sought a stay in

favor of the Federal Non-Debtor Defendants in this Court, and given the current posture of the Chapter 11 Cases, that issue is moot.

21. The factual allegations in the Federal Complaint significantly overlap with the claims and allegations in the State Complaint, and the Proposed Federal Class encompasses the same Class Members as the Certified State Class.

### III. The Chapter 11 Cases

22. On September 29, 2023, the Debtors filed the voluntary petitions under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in this Court.

23. On November 27, 2023, Securities Plaintiffs timely filed proofs of claims on behalf of themselves and the Classes against SmileDirect.

24. Although the Debtors previously sought confirmation of a chapter 11 plan and disclosure statement, the Debtors are now seeking a global-wind-down and structured dismissal of the Chapter 11 Cases.

25. On December 20, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing (A) the Sale of the Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, (B) the Debtors' Entry Into and Performance Under the Asset Purchase Agreement, and (C) the Rejection of Certain Executory Contracts and (II) Granting Related Relief* [Docket No. 463] (the "Sale Motion"), and the *Debtors' Motion for Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases, (II) Approving Procedures for Dismissal and Distribution of the Debtors' Remaining Assets, and (III) Granting Related Relief* [Docket No. 464] (the "Motion to Dismiss").

26. A hearing on the Sale Motion and Motion to Dismiss is currently scheduled for January 18, 2024.

**RELIEF REQUESTED**

27. By this Motion, Securities Plaintiffs respectfully request that the Court enter an order granting limited relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code, authorizing service on the Debtors of a document preservation subpoena in the form annexed to the Proposed Order, for purposes of preserving documents related to the Securities Litigations that are currently held or controlled by the Debtors and/or which may come into the Debtors' possession or control at a future date.

**BASIS FOR RELIEF REQUESTED**

28. Section 362(d)(1) of the Bankruptcy Code provides that this Court shall grant relief from the automatic stay upon a showing of "cause" by a party in interest. 11 U.S.C. § 362(d)(1). The burden of proof on a motion to lift the automatic stay is a shifting one. First, the moving party must make a *prima facie* showing that "cause" exists; once the movant has satisfied its initial burden, then the burden shifts to the debtor to show that "cause" does not exist. *See* 11 U.S.C. § 362(g)(1); *In re Alexandra Trust*, 526 B.R. 668, 673–74 (Bankr. N.D. Tex. 2015).

29. Although the Bankruptcy Code does not define "cause," courts in this circuit analyze a number of factors to guide a court's evaluation of whether cause is present. These factors include "interference with the bankruptcy, good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay," as well as:

(1)   whether relief would result in a partial or complete resolution of the issues;
(2)   lack of any connection with or interference with the bankruptcy case;
(3)   whether the other proceeding involves the debtor as a fiduciary;
(4)   whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5)   whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

*In re Mosher*, 578 B.R. 765, 772–73 (Bankr. S.D. Tex. 2017); *see Alexandra Trust*, 526 B.R. at 682. Courts need not apply each of the above factors to the facts at issue, and do not need to give equal weight to each factor. *In re McConathy*, No. 90-13449, 2021 Bankr. LEXIS 1569, at * 18 (Bankr. W.D. La. June 11, 2021).

30. Due to the limited and non-controversial nature of the relief sought herein, many of the above factors are inapplicable to the current analysis. However, consideration of the relevant factors clearly supports granting limited relief from the automatic stay to allow service of the Preservation Subpoena, especially given the current posture of the Chapter 11 Cases.

31. Securities Plaintiffs seek straightforward and narrowly tailored relief that is necessary, in the face of an impending dismissal of the Chapter 11 Cases, to ensure the proper maintenance of the Books and Records in the Debtors' possession or control (or which come to be in the Debtors' possession or control) until such Books and Records are made available (subject to any protective order or confidentiality agreement) to Securities Plaintiffs in the ordinary course during the Securities Litigations. Securities Plaintiffs are not requesting that the Debtors produce and make available the Books and Records at this time, but merely that they be ordered to protect, maintain and safeguard the Books and Records until such time as Securities Plaintiffs may

complete discovery or seek other relief in accordance with applicable law. Thus, compliance with the Preservation Subpoena should require little affirmative action by the Debtors or any of its representatives.

32. Should the Books and Records be lost or rendered otherwise unavailable, the Securities Plaintiffs and the Classes will be severely prejudiced. These Books and Records contain information relevant to and necessary for the prosecution of the Securities Litigations. Conversely, preservation of the Books and Records, as requested here, will not impose a burden on the Debtors or impact these Chapter 11 Cases or the Debtors' efforts to bring these Chapter 11 Cases to an unfortunate conclusion. Indeed, the preservation obligation is particularly important here and should be voluntarily undertaken in any event given the uncertainty that will result from the currently requested structured dismissal. Further, the relief requested here will neither interfere with nor diminish the Debtors' interest in estate property, as the Preservation Subpoena will not require anything from the Debtors or their representatives, other than to preserve the Books and Records.[5]

33. Courts have held that in those instances where the burden on the debtors is outweighed by the harm to the requesting party, as is the situation here, modification of the automatic stay is warranted. *See Norton Co. v. Johns-Manville Corp.*, 39 B.R. 659, 662 (S.D.N.Y. 1984) (noting that because there was no evidence that any expenses incurred by the debtor would imperil its reorganization or the interests of the creditors, the court permitted the requested discovery). Similarly, here, the Debtors will incur a modest expense, if any, because Securities Plaintiffs request only that the Books and Records be preserved. *See In re U.S. Brass Corp.*, 176

---

[5] Securities Plaintiffs reserve their rights to seek additional relief in the future as the need may arise or as may be appropriate.

B.R. 11, 13 (Bankr. E.D. Tex. 1994) (noting stay relief was appropriate, in part, because the limited relief sought required minimal cost and effort by the debtor).

34. The foregoing factors suffice to constitute cause within the meaning of section 362(d)(1) of the Bankruptcy Code.

### Waiver of Bankruptcy Rule 4001(a)(3)

35. Securities Plaintiffs also seek a waiver of any stay of the effectiveness of an order approving this Motion. Pursuant to Bankruptcy Rule 4001(a)(3), "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the Court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). Securities Plaintiffs request that any order entered granting this Motion be effective immediately so that Securities Plaintiffs may proceed immediately with service of the Preservation Subpoena. If such order does not become immediately effective, the Debtors could take actions post-dismissal that would prejudice Securities Plaintiffs with respect to the loss of evidence.

### CONCLUSION

Based on the facts and authorities set forth above, the Securities Plaintiffs respectfully request that the Court grant this Motion and enter an order granting: (i) relief from the automatic stay to permit Securities Plaintiffs to serve the Preservation Subpoena on the Debtors; and (ii) such other and further relief as the Court deems just and proper.

[ *remainder of page left intentionally blank* ]

Dated: January 9, 2024　　　　　　　　　　**LOWENSTEIN SANDLER LLP**

*/s/ Michael S. Etkin*
Michael S. Etkin, Esq. (*pro hac vice*)
Andrew Behlmann, Esq. (*pro hac vice*)
Colleen M. Restel, Esq. (*pro hac vice*)
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
E-mail: metkin@lowenstein.com
E-mail: abehlmann@lowenstein.com
E-mail: crestel@lowenstein.com

*Bankruptcy Counsel to Securities Plaintiffs and the Classes*

**CERTIFICATION PURSUANT TO LOCAL RULE 4001-1**

The undersigned certifies that in a good faith effort to resolve this matter prior to filing this motion, pursuant to Local Rule 4001-1(a)(1), he conferred with counsel for the Debtors regarding the relief requested. Given the immediate need for the relief requested, Securities Plaintiffs filed the Motion in an abundance of caution, while discussions with the Debtors remain ongoing.

LOWENSTEIN SANDLER LLP

*/s/ Michael S. Etkin*
Michael S. Etkin, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of January, 2024, he caused a true and correct copy of the foregoing Motion to be served electronically on those parties requesting electronic service through the Court's ECF system. In addition, on the date listed above, pursuant to Local Rule 4001-1(a)(4), the undersigned certifies that he caused a true and correct copy of the foregoing Motion via electronic mail on the Debtors, the Debtors' attorney, and parties requesting notice in these Chapter 11 Cases.

LOWENSTEIN SANDLER LLP

*/s/ Michael S. Etkin*
Michael S. Etkin, Esq.