IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | Case No. 23-90786 (CML) |
| SMILEDIRECTCLUB, INC., *et al.* | Chapter 7 |
| Debtors. | (Jointly Administered) |

**RULE 9023 MOTION OF CLAIMANT FR5, LLC TO ALTER, AMEND, OR VACATE THE AGREED ORDER (I) AUTHORIZING (A) CONSENSUAL USE OF CASH COLLATERAL AND (B) THE EXERCISE OF CERTAIN RIGHTS AND REMEDIES UNDER THE FINAL DIP ORDER, AND (II) GRANTING RELATED RELIEF (DOCKET NO. 655)**

> This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.
>
> Represented parties should act through their attorney.

FR5, LLC ("Movant"), claimant and party-in-interest in the above referenced bankruptcy case, files this Rule 9023 Motion of Claimant FR5, LLC To Alter, Amend or vacate the Agreed Order (I) Authorizing (A) Consensual Use of Cash Collateral And (B) the Exercise of Certain Rights and Remedies Under the Final DIP Order, and (II) Granting Related Relief (Docket No. 655) as it pertains to certain leased property in Columbia, Tennessee:

05102483-1

**RELIEF REQUESTED**

1. FR5, LLC ("Movant") is an unsecured creditor and party to an executory contract with Debtor, SmileFarm, LLC ("Debtor"), in the above-captioned jointly administered case.

2. Movant, by and through counsel, hereby moves, pursuant to Fed. R. Bankr. 9023 and Fed. R. Civ. P. 59, to alter an/or amend the Agreed Order entered in this matter at Docket No 655 ("Agreed Order").

3. The Agreed Order was entered on February 15, 2024, and pertains to a certain Emergency Motion filed jointly by the Trustee and DIP Lender Cluster Holdco, LLC ("Cluster") on February 10, 2024 (Docket No. 638) ("Joint Motion").

4. The Joint Motion sought leave for Cluster, among other things, to exercise its rights regarding certain "DIP Collateral," a purported list of which is attached to the Joint Motion as Schedule 1 to Exhibit 1 (Docket No. 638, pp. 18-20).

5. It is Movant's position that a backup power generator system was improperly included in the list of DIP Collateral. For cause, such property is not the personal property of the Debtor and is actually the property of Movant, pursuant to the lease between Movant and Debtor, as well as under Tennessee Law.

6. On or about February 28, 2024, counsel for Movant and counsel for Cluster conferred regarding whether certain property located at the Leased Premises was subject to removal or was to remain part of the Premises.

7. Movant and Cluster have reached an agreement that provides for an attempt to informally resolve the dispute and, if they are unable to do so, to have the dispute

determined by the Court. However, Movant files this Motion to preserve any time issues pertaining to the dispute should it need to move forward to judicial determination.

8. In addition, Counsel for Movant has been in discussion with counsel for the Chapter 7 Trustee pertaining to a stipulation rejecting the Lease effective February 29, 2024. The stipulation has not yet been agreed upon.

9. On February 28, 2024, contractors for Cluster, or for party to whom Cluster has contracted, appeared at the Leased Premises with cranes and trucks to dismantle and remove the power generator system.

10. Agents for Cluster presented Movant with documents reflecting a model number for the generator system they sought to remove. Additionally, the Agreed Order referenced a model number for the generator system. But, the model number in both documents did not match the power generator system itself, but instead, reflected the serial number for one of the components comprising the system.

11. Movant was surprised at the efforts to remove the power system as the Lease terms excluded it from property the Tenant had the right to remove and because a meeting was scheduled for March 1, 2024 between Movant and Cluster regarding what was to be removed from the Leased Premises.

12. While the Motion and Agreed Order were filed and served through ECF, neither of these filings sufficiently described the property sought therein to put Movant on notice that Cluster intended to remove the power generator system from the Leased Premises. Schedule 1 to the Joint Motion includes a cursory description of items with model numbers. The model number on the list does not match the model number of the

05102483-1

generator system at the Leased Premises, nor does it reference anything pertaining to the Leased Premises. Further, the Agreed Order does not incorporate a list of or describe DIP Collateral to be removed from the Leased Premises.

13. The Final DIP Order does not authorize Cluster to acquire a lien on Movant's property and, in fact, expressly excludes Debtor's interest in any leases or leased premises from the purview of the Order. (Doc 296, p. 21 of 50).

14. Schedule A/B only lists raw materials, office furniture /office fixtures, and medical equipment as personal property of the Debtor. (Docket 213).

15. Put simply, there is no principle in bankruptcy law or provision of the Bankruptcy Code which allows a DIP Lender to acquire any greater rights in property than those rights held by the debtor. Consequently, the Court lacks jurisdiction to award Cluster the right to seize and dispose of the power generator system, which legally belongs to Movant rather than Debtor under the terms of the Lease.

16. To the extent the Agreed Order is interpreted to divest Movant of its property, such action is without due process.

17. Accordingly, Movant is entitled to relief pursuant to Fed. R. Bankr. 9023 and Fed. R. Civ. P. 59, to alter an/or amend the Agreed Order to exclude Movant's property from the identified DIP Collateral.

18. Alternatively, to the extent the Agreed Order is not modified, it is voidable to the extent it includes Movant's property and Movant elects to exercise that right immediately.

**JURISDICTION AND VENUE**

19. The court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

05102483-1

20. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

21. The venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

22. Effective October 1, 2020, Movant and Access Dental Lab TX, LLC entered into a lease ("Lease") under which Movant is Landlord and Access Dental Lab TX, LLC was Tenant for non-residential real property situated in Columbia, Maury County, Tennessee ("Property" or "Leased Premises") as more particularly described in the Lease. A true and accurate copy of the Lease is attached as EXHIBIT 1 and is incorporated by reference.

23. Effective October 1, 2020, Access Dental Lab TX, LLC and SmileDirectClub, LLC entered into an Amendment to Lease with Movant, a true and accurate copy of which is attached as EXHIBIT 2 and is incorporated by reference.

24. Effective March 1, 2021, Movant and Debtor entered into a Second Amendment to Lease, a true and accurate copy of which is attached as EXHIBIT 3 and is incorporated by reference.

25. Debtor was formerly known as Access Dental Lab TX, LLC.

26. The rights to property located at the Leased Premises are governed by the Lease and any Amendments thereto.

## ARGUMENT

27. Federal Rule 59(e), made applicable via Federal Rule of Bankruptcy Procedure 9023, allows parties to seek reconsideration of court orders by filing and serving a written motion within 14 days of the order. *In re Camp Arrowhead, Ltd.*, 451 B.R. 678, 691 (Bankr. W.D. Tex. 2011).

05102483-1

28. To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *Id.,* quoting *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

29. In this case, it was manifest error and manifestly unjust to conclude that a power generator system, which even Cluster characterizes as a "Facility Electrical Distribution System" is part of the DIP Collateral.

30. Such property is not property of the Debtor or part of the Bankruptcy Estate and is not subject to the jurisdiction of this Court or the interests of Cluster or the estate.

31. The Bankruptcy Court's jurisdiction is limited to property of the bankruptcy estate pursuant to 28 U.S.C. § 1334(e).

32. The bankruptcy estate is comprised of "all legal or equitable interests of the [debtor] in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

33. Article 22 of the Lease provides that "[a]ll fixtures, equipment, improvements, and appurtenances attached to or built into the Premises at the commencement of the Lease or during the Term, whether or not by or at the expense of Tenant, other than Tenant's Property, shall be and remain a part of the Premises, shall be the Property of Landlord, and shall not be removed by Tenant, except as directed by Landlord."

34. Section 2.21 of the Lease defines Tenant's Property and "expressly excludes any and all electrical, plumbing, HVAC, mechanical and other systems installed in the Premises by Tenant of Landlord."

35. Thus, the determinative issue as to whether the Debtor, and in turn the DIP Lender, have rights in the property in question is whether the power generator system is within "any and electrical, plumbing, HVAC, mechanical and other systems."

36. By Cluster's own admission, the power generator system at issue is part of the electrical system of the Leased Premises and is not Tenant's Property. (See Docket 638 pp. 19-20) (describing as "Facility Electrical Distribution System"). The system is comprised of a large system that is affixed to a concrete pad and integrated into the electrical system of the Leased Premises.

37. Because the Debtor does not have a property interest in the power generator system per the Lease, this Court does not have jurisdiction over the property. Even if there were some interest coming within the estate, the DIP Lender could acquire no greater interest than the Debtor. And, the Debtor's interest is that such system remains at the Leased Premises.

38. As a result, Cluster's rights as DIP Lender never attached to the power generator system and this Court had no jurisdiction to include the power generator system as part of the DIP Collateral.

39. In addition to the jurisdictional issue outlined above, Cluster's attempt to add the power generator to the DIP Collateral lacks due process.

40. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably

05102483-1

to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314-15, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (citations omitted).

41. In this case, Movant was not afforded due process because it was not reasonably on notice that Cluster would attempt to seek to remove the power generator system from the Leased Premises.

42. As shown *supra,* by the terms of the Lease, the power generator is not the Debtor's property and therefore not property of the Bankruptcy Estate.

43. Schedule A/B filed by the Debtor did not list the power generator as property of the Debtor. Instead, the schedule utilized general, nondescript terms. (Doc 213). Line 40.1 lists "leasehold improvements" under office fixtures and the only machinery or equipment in Part 8 is "medical equipment." (Doc 213, pp. 27, 28-29).

44. The Final DIP Order expressly excludes Debtor's interest in any "real property leases, the leased premises, or the Debtors' interests in any such leases or premises," from the purview of the DIP Liens. (*See* Docket 296, p. 21 of 50).

45. When Cluster and the Trustee moved to exercise the rights afforded by the Final DIP Order, they did so on an emergency basis, with no indication that they were seeking to exercise powers outside of the Final DIP Order. They never sought to expand the scope of the DIP Liens or DIP Collateral. They simply attached a "Schedule" to the very end of the Joint Motion, asserting in conclusory fashion that everything listed was included in the DIP Collateral. (Docket 638).

46. Even after the Agreed Order was entered, Movant and Cluster were engaged in discussions regarding rejection of the Lease and property Located at the Leased Premises as recently as February 23, 2024. They agreed to discuss those issues on March 1, 2024.

47. Despite that discussion, on February 28, 2024, individuals appearing to be agents of Cluster attempted to enter the Leased Premises to remove the power generator from the electrical system.

48. Until this point, Movant had insufficient notice that Cluster intended to construe the Final DIP Order and the Agreed Order to include the power generator.

49. As a further complication, upon reviewing Schedule 1 to the Joint Motion, the power generator system listed bears an incorrect model number and does not sufficiently identify the property purportedly subject to the Motion.

50. Therefore, the Agreed Order and Cluster's interpretation of the same did not comport with due process.

51. Moreover, to the extent that the Agreed Order lacked jurisdiction over the power generator, and/or did not comport with due process, it is void. A judgment or order is void "'if the court that rendered it lacked jurisdiction of the subject matter, or one of the parties, or if it acted in a matter inconsistent with due process of law.'" *In re Fish & Fisher, Inc.*, 574 B.R. 608, 615 (Bankr.S.D.Miss.2017), quoting *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)).

WHEREFORE, PREMISES CONSIDERED, Movant respectfully requests that the Court enter an Order: (i) granting this Motion; (ii) altering/amending the Agreed Order to

05102483-1

remove all references to the power generator system located at the Leased Premises, or in the alternative, holding those portions of the Agreed Order to be void; and (iii) granting it such other and further relief to which it may be entitled.

DATED: February 29, 2024

Respectfully submitted,

/s/ Michael A. Galasso
Michael A. Galasso
SD Tex. No. 3861069
Robbins, Kelly, Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, Ohio 45202
T: (513) 721-3330 | F: (513) 721-5001
mgalasso@rkpt.com
**Counsel for Movant FR5, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2024, a true and correct copy of the foregoing Motion for Relief was served via the Court's ECF notification system to all parties requesting ECF notice in the above referenced cases.

/s/ Michael A. Galasso
Michael A. Galasso

05102483-1