IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| SMILEDIRECTCLUB, INC., *et al.* ) | (Previously Chapter 11) |
| ) | |
| ) | Case No. 23-90786 (CML) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

**AETNA LIFE INSURANCE COMPANY'S (1) APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE; AND (2) RESERVATION OF RIGHTS**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov. If you do not have electronic privileges, you must file a written objection. Otherwise, the Court may treat the motion as unopposed and grant the relief requested.[1]**

Pursuant to the Order Establishing Bar Date for Chapter 11 Administrative Expense Claims and Professional Fees [Docket No. 654], Aetna Life Insurance Company, on behalf of itself and its affiliated entities (collectively, "**Aetna**"), by and through undersigned counsel, files this: (1) application for the allowance of Aetna's chapter 11 administrative expense in the amount of $16,194.75 (plus such amounts that are subsequently identified as due and owing relating to the period after the petition date through the conversion date); and (2) reservation of rights. In support hereof, Aetna respectfully states as follows:

---

[1] Per Docket No. 654 (the "**Bar Date Order**"), the deadline for the Trustee or any other party in interest to file an objection to any application for Administrative Claim shall be tolled pending further order of this Court, including for all applications for Administrative Claims filed prior to entry of the Bar Date Order.

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the relief requested is based on 11 U.S.C. § 503(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. SmileDirectClub, LLC ("**SDC**") was the plan sponsor of a self-funded employee health benefits plan (the "**Benefits Plan**") for certain eligible individuals pursuant to the Employee Retirement Income Security Act of 1974. The Debtors were and are responsible for payment of all benefits under the Benefits Plan.

3. Prior to its bankruptcy filing, SDC entered into a Master Services Agreement, MSA- 143776, dated as of January 1, 2020, as amended (the "**Aetna MSA**"), with Aetna, pursuant to which Aetna agreed to provide certain administrative services, including processing of medical claims (the "**Health Claims**") in connection with the Benefits Plan.

4. Under the Aetna MSA, Aetna typically advanced funds for payment of approved benefits (*e.g.*, covered medical expenses) and then periodically debited a SDC account established for that purpose to satisfy the obligation of the Benefits Plan. Aetna, however, was not and is not liable for payment of any Health Claims under the self-funded Benefits Plan, as all such responsibility remained and remain solely with the Debtors.

5. As of the date hereof, the Debtors have not reimbursed Aetna for Health Claims and related obligations in the amount of $16,194.75 (the "**Outstanding Benefits Obligations**").

**REQUESTED RELIEF**

6. Aetna respectfully requests that the Court enter an Order in substantially the form attached hereto as Exhibit A, allowing the Outstanding Benefits Obligations, as a chapter 11 administrative expense.

**APPLICATION**

7. Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2), post-petition obligations incurred by the Debtors as an actual and necessary cost or expense to the Debtors to preserve the estate are allowed as administrative expenses and are entitled to priority under the Bankruptcy Code. *See also In re Green Field Energy Services, Inc.*, 585 B.R. 89, 114 (Bankr. D. Del. 2018).

8. As of the date hereof, the Debtors owe to Aetna the Outstanding Benefits Obligations.

9. Aetna's right to payment of Outstanding Benefits Obligations is entitled to chapter 11 administrative expense priority. The Outstanding Benefits Obligations were actual, necessary costs of preserving the estate because these amounts are owed to Aetna for administering the Benefits Plan post-petition, which were intended by the Debtors to minimize employee attrition and thereby preserve the possibility of a going-concern value of the Debtors' assets.

10. Given privacy concerns, the documentation relating to the Outstanding Benefits Obligations is not attached hereto but can be provided to the trustee after the entry of a qualified protective order.

**RESERVATION OF RIGHTS**

11. Aetna reserves all of its rights, including the right to modify, supplement and/or amend this application as further information becomes available to it, including as to any changes to amounts that may be currently due. This includes, without limitation, asserting

any additional Health Claims, including runoff claims, that Debtors have not paid.

12. Aetna further reserves all of its right, including suspension of processing any additional Health Claims, reversal of payment of Health Claims that Aetna has processed and paid but for which it has not been reimbursed by the Debtors, and rejection or denial of Health Claims for lack of funding.

## CONCLUSION

13. For the foregoing reasons, Aetna respectfully requests that the Bankruptcy Court allow, as a chapter 11 administrative expense, the Outstanding Benefits Obligations and reserve all of Aetna's rights outlined above.

Dated: March 8, 2024.

Respectfully submitted,

**MCGUIREWOODS LLP**

By: */s/ Cassandra Sepanik Shoemaker*
Cassandra Sepanik Shoemaker
State Bar No. 24070592
2601 Olive St., Suite 2100
Dallas, TX 75201
Email: CShoemaker@mcguirewoods.com
Telephone: (469) 372-3931
Facsimile: (214) 273-7478

**COUNSEL FOR AETNA LIFE INSURANCE COMPANY AND AFFILIATES**

## CERTIFICATE OF SERVICE

On March 8, 2024, the undersigned caused a copy of the foregoing document to be served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas by electronic mail in this case.

/s/ *Cassandra Sepanik Shoemaker*
Cassandra Sepanik Shoemaker