IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| | ) | (Previously Chapter 11) |
| SMILEDIRECTCLUB, INC., *et al.*, | ) | |
| | ) | Case No. 23-90786 (CML) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LTIMINDTREE LIMITED'S MOTION FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(1)(A)**
**[Relates to Docket No. 654]**

LTIMindtree Limited ("LTIM"), by and through its undersigned counsel, hereby files this *Motion for Allowance of Administrative Expense Claim Under 11 U.S.C.* (the "Motion"), and in support of the Motion, LTIM states as follows:

**BACKGROUND**

**A.    The Master Consulting Agreement**

1. SmileDirectClub, LLC, one of the above-captioned debtors (collectively, the "Debtors"), and LTIM are parties to a prepetition Master Consulting Agreement (the "Agreement"). In connection with the Agreement, LTIM procured various Microsoft software licenses (collectively, the "Licenses")[1] for the Debtors. The term of the Licenses began on August 23, 2023 and runs through September 2024.

**B.    The Bankruptcy Case**

2. On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Agreement, Licenses, and related documentation are confidential and, therefore, they are not attached to this Motion. The Debtors are in possession of all documents related to the Agreement and the Licenses, which should now be in the possession of the Chapter 7 Trustee. Such documentation will be provided to parties-in-interest upon written request to LTIM's undersigned counsel and execution of a confidentiality agreement.

3. The Debtors operated their businesses and managed their properties as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* on January 26, 2024 (the "Conversion Date").[2] On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee (the "Trustee").

4. Between the Petition Date and Conversion Date, LTIM provided the following services to the Debtors, which remain unpaid:

| Date/Service Period | Invoice/ P.O. No. | Description | Amount |
|---|---|---|---|
| 10/31/23 | 420000865 | Skilled effort (21 FTEs offshore) for October 2023 | $105,848.75 |
| 11/30/23 | 420001082 | Skilled effort (21 FTEs offshore) for November 2023 | $106,522.50 |
| Pending | Pending | Skilled effort (21 FTEs offshore) through December 8, 2023 | $33,906.25 |
| October 2023 | 2023111422 | MS License Usage for October 2023 | $60,988.37 |
| November 2023 | 2023111422 | MS License Usage for November 2023 | $60,988.37 |
| December 2023 | 2023111422 | MS License Usage for December 2023 | $60,988.37 |
| January 2024 | 2023111422 | MS License Usage for January 1-25, 2024 | $49,184.17 |
| | | **Total:** | **$478,426.78** |

5. On February 13, 2024, the Trustee filed her *Emergency Motion to Establish Bar Dates for Chapter 11 Administrative Expense Claims and Professional Fees* (the "Admin Bar Date Motion").[3] On February 14, 2024, the Court entered an order approving the Admin Bar Date Motion, setting March 15, 2024 as the deadline for creditors to file an application seeking an administrative expense claim from the Petition Date to the Conversion Date.[4]

## RELIEF REQUESTED

6. LTIM requests the allowance of a chapter 11 administrative expense claim in the amount of $478,426.78, representing post-petition amounts due under the Agreement from

---

[2] Docket No. 617.
[3] Docket No. 650.
[4] Docket No. 654.

the Petition Date through the Conversion Date, pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

## DISCUSSION

7.       Sections 503(b)(l)(A) and 507(a)(2) of the Bankruptcy Code provide, in part, that "the actual, necessary costs and expenses of preserving the estate" constitute administrative expenses and are entitled to priority payment. *See* 11 U.S.C. §§ 503(b)(l)(A); 507(a)(2). Administrative priority is given to post-petition vendors to induce them to engage in business with a debtor's estate. *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1993).

8.       To qualify as an actual and necessary cost of preserving the estate, the obligation (a) must have arisen from a transaction with the estate, and (b) the goods or services supplied must have enhanced the ability of the estate's business to function. *Id.* at 1416. The "benefit" requirement has no independent basis in the Bankruptcy Code—it is merely a way of testing whether a particular expense was truly "necessary" to the estate. If it was of no "benefit," it could not have been "necessary." *Texas v. Lowe (In re H L.S. Energy Co.)*, 151 F.3d 434, 437 (5th Cir. 1998). As explained by the United States Supreme Court, a debtor must pay for the services it receives and benefits from:

> If the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services, which, depending on the circumstances of a particular contract, may be what is specified in the contract.

*N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531–32 (1984) (citations omitted).

9.       LTIM continued to honor its obligations under the Agreement after the Petition Date, and the Debtors continued to access and use the Licenses on a post-petition basis

through the Conversion Date. The Debtors' post-petition use of the Licenses enabled the Debtors to use Microsoft's products during the pendency of the Bankruptcy Cases. The cost of the Licenses constitutes an actual and necessary cost of preserving the Debtor's estate because the Licenses were necessary for the Debtors to perform their day-to-day business operations to maintain the value of the Debtors' assets and enterprise.[5]

10. Accordingly, LTIM is entitled to an administrative expense claim totaling $478,426.78 for the outstanding amount due under the Agreement from the Petition Date through the Conversion Date.

*[remainder of page intentionally blank]*

---

[5] LTIM reserves all of its rights with respect to any use of the Licenses after the Conversion Date.

## CONCLUSION

**WHEREFORE**, LTIM requests that the Court (i) allow LTIM's administrative expense claim as set forth above, and (ii) grant such other relief as the Court deems just and proper.

Houston, TX
Dated: March 11, 2024

**KELLEY DRYE & WARREN LLP**

*/s/ Sean T. Wilson*
Sean T. Wilson (Texas Bar No. 24077962)
515 Post Oak Blvd, Suite 900
Houston, TX 77027
Telephone: (212) 808-7612
Facsimile (713) 355-5001
Email: swilson@kelleydrye.com

-and-

James S. Carr, Esq.
Kristin S. Elliott, Esq.
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: jcarr@kelleydrye.com
      kelliott@kelleydrye.com

*Counsel to LTIMindtree Limited*

## CERTIFICATE OF SERVICE

I certify that on March 11, 2024, I caused a copy of the foregoing document to be served by the CM/ECF Notification System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Sean T. Wilson*
Sean T. Wilson