**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| SMILEDIRECTCLUB, INC., *et al.* | § | Case No. 23-90786 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**APPLICATION OF HARA INC. FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. SECTION 503**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.[1]**
>
> **Represented parties should act through their attorney.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Hara, Inc. d/b/a Hot Shot Delivery ("**Hara**"), by and through its undersigned attorney, files this application (the "**Application**") seeking an order[2] for allowance of its administrative expense claim in the amount of $12,050.68 for postpetition delivery services rendered to Debtor SmileDirect Club LLC.  In support of this Application, Hara respectfully states as follows:

---

[1] Pursuant to the *Order Establishing Bar Date for Chapter 11 Administrative Expense Claims and Professional Fees*, the Court has tolled the deadline to object to this Application, pending further order of the Court.  *See* Dkt. No. 654.

[2] A proposed form of order is attached hereto as **Exhibit A**.

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(b) and 1334(b), and this is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3.      The statutory basis for the relief requested herein is Section 503(b)(1)(A) of Title 11 of the United States Code (the "**Bankruptcy Code**")

**Background**

4.      On September 29, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Chapter 11 Cases**").  The Chapter 11 Cases were jointly administered and procedurally consolidated pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5.      The Debtors provided direct-to consumer oral care services through retail locations and shipments direct to customers' homes.  *Declaration of Troy Crawford, Chief Financial Officer of SmileDirectClub, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Dkt. No. 4] ¶¶ 4-6.  After the Petition Date, the Debtors continued to operate their business and manage their estates as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

6.      Prior to and following the Petition Date, Debtor SmileDirect Club LLC maintained a credit account with Hara for delivery services in Tennessee.  *See* Credit Application, dated March 8, 2019, attached hereto as **Exhibit B**.  In connection with such services, Hara would issue semimonthly invoices detailing the services provided and seeking payment for the same.  Hara provided transport and delivery services for Debtor SmileDirect Club LLC during the pendency of the Chapter 11 Cases (the "**Postpetition Services**").  The items that Hara transported included,

2

*inter alia*, tooling and pre-fabrication materials for the Debtors' products that were necessary for the Debtors' continued operations. Copies of the invoices for the Postpetition Services are attached hereto as **Exhibit C**.

7.    The Debtors have not paid Hara for the Postpetition Services. A summary of the invoices is as follows:

| Invoice Number | Invoice Date | Amount Due |
|---|---|---|
| SMILDI41-498 | 11/6/23 | $4,316.88 |
| SMILDI41-506 | 11/27/23 | $2,700.00 |
| SMILDI41-522 | 12/7/23 | $3,258.00 |
| SMILDI41-531 | 12/20/23 | $1,775.80 |
| **Total Due** | | $12,050.68 |

8.    On January 26, 2024, this Court entered the *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Dkt. No. 617].

9.    Following conversion of the Chapter 11 Cases, the Debtors ceased operating, and the United States Trustee for Region 7 (Southern and Western Districts of Texas) appointed Allison D. Byman as the Chapter 7 Trustee in the bankruptcy cases.

10.    On February 14, 2024, this Court entered the *Order Establishing Bar Date for*

86268131.v3

*Chapter 11 Administrative Expense Claims and Professional Fees* [Dkt. No. 654], setting March 15, 2024, as the deadline for creditors to file applications seeking approval of administrative expenses incurred between September 29, 2003, and January 26, 2024, and tolling the objection deadline with respect to such claims.

### Relief Requested

11.     Hara seeks entry of an Order allowing Hara an administrative expense claim in the amount of $12,050.68 for the Postpetition Services.

12.     Section 503(b)(1)(A) of the Bankruptcy Code provides, in relevant part, that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate."  11 U.S.C. § 503(b)(1)(A).  "A prima facie case [entitling the creditor to payment] under § 503(b)(1) may be established by evidence that (1) the claim arises from a transaction with the debtor-in-possession; and (2) the goods or services supplied enhanced the ability of the debtor-in-possession's business to function as a going concern." *Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992).

13.     The Postpetition Services constitute actual and necessary costs of the estate and are entitled to administrative expense priority.  The shipping services benefitted the Debtors' estates by enabling them to continue to operate postpetition without interruption.

14.     Hara reserves the right to amend this Application prior to any hearing on the administrative expense claim.

**WHEREFORE**, Hara respectfully requests that this Court enter an order, in substantially the same form as that attached hereto as Exhibit A, allowing Hara's administrative claim in the sum of $12,050.68, and for such other and further relief as the Court deems just and proper.

86268131.v3

RESPECTFULLY SUBMITTED this 12th day of March 2024.

By: */s/  Candice M. Carson*
    CANDICE M. CARSON
    State Bar No. 24074006
    2911 Turtle Creek Blvd., Suite 1400
    Dallas, Texas 75219
    Telephone: (469) 680-5505
    Facsimile: (469) 680-5501
    E-mail: candice.carson@butlersnow.com

86268131.v3

## <u>CERTIFICATE OF SERVICE</u>

I, Candice M. Carson, certify that the foregoing *Application* was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically.

Dated:  March 12, 2024.

<u>/s/ *Candice M. Carson*</u>
CANDICE M. CARSON

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| SMILEDIRECTCLUB, INC., *et al.* | § | Case No. 23-90786 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING APPLICATION OF HARA INC. FOR ALLOWANCE OF**
**ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. SECTION 503**

Upon consideration of the *Application of Hara Inc. for Allowance o Administrative Expense Claim Pursuant to 11 U.S.C. Section 503* (the "**Application**"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and that notice of the Application was proper and that no party in interest made any response in opposition to the Application or, if so, the relief requested in any such response was denied; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Application is GRANTED; and it is further

ORDERED that Hara, Inc. d/b/a Hot Shot Delivery is hereby allowed an administrative expense claim pursuant to 11 U.S.C. §503(b)(1)(A) in the amount of $12,050.68; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.

Signed on this _____ day of _____, 2024.

_____
HONORABLE CHRISTOPHER M. LOPEZ
United States Bankruptcy Judge

**Exhibit B**

**Credit Agreement**

**Exhibit C**

**Invoices for Postpetition Services**