IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | SMILEDIRECTCLUB, INC., *et al.*, | CASE NO.:  23-90786 (CML) |
| | Debtors | CHAPTER 11 |
| | | (Jointly Administered) |

### SHELIA FATTY APPLICATION FOR ALLOWANCE OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM

**This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

Shelia Fatty ("Plaintiff"), individually and on behalf of the putative class of WARN-Act Claimants ("WARN Act Claimants") and pursuant to 11 U.S.C. § 503(b), respectfully seeks allowance and payment of an administrative expense claim in the amount of $22,630,998.05.  In support thereof, Plaintiff would show as follows:

### I.  JURISDICTION AND VENUE

1. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief requested by this Motion may be granted pursuant to 11 U.S.C. § 503(b).

### II.  FACTUAL BACKGROUND

3. Plaintiff asserts an administrative expense claim pursuant to 11 U.S.C. §

1

503(b)(1)(A)(i), (ii) against the Debtors, in the amount of $22,630,998.05 on behalf of the WARN Act Claimants for wages, salary, commissions and bonuses, accrued holiday pay and accrued vacation pay for sixty (60) calendar days following their terminations and for failure to make life insurance, 401(k) contributions, and provide them with health insurance coverage for (60) calendar days following their terminations, pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. (the "WARN Act").

4. On September 29, 2023 (the "Petition Date"), SmileDirectClub, Inc., and its jointly administered debtors in possession, including, but not limited to, SmileDirectClub, LLC and Access Dental Lab, LLC, filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), in this Court. On October 2, 2023, the Court entered an order [Doc. No. 28] authorizing the joint administration of these bankruptcy cases.

5. Plaintiff, and the other WARN Act Claimants, were employees of the Debtors, who worked at Debtors' facilities covered by the Act, until their employment was terminated without advance notice in violation of the WARN Act on December 8, 2023, or the ninety days prior to, as a consequence of the mass layoffs of plant closing at Debtors' facilities. Approximately 1,000 employees were affected by the sudden layoff.

6. On January 26, 2024 (the "Conversion Date"), the Court converted the Debtors' cases to Chapter 7 of the Bankruptcy Code.

7. On February 9, 2024, the Debtors filed their administrative claim schedule [Doc. No. 635] (the "Administrative Claims Schedule"), listing Plaintiff as holding an administrative expense claim without any indication as to the amount.

8. On February 14, 2024, the Court entered the Administrative Bar Date Order, setting

2

March 15, 2024, as the deadline to file administrative expense claims arising between the Petition Date and the Conversation date.

### III.     LEGAL ARGUMENT

9.      Plaintiff and the WARN Act Claimants are entitled to payment and allowance of an administrative claim against the Debtors pursuant to 11 U.S.C. § 503(b)(1)(A)(i), (ii).  The Debtors have acknowledged and agreed that Plaintiff and the WARN Act Claimants are entitled to administrative expense priority, but the amount of the claim is still in dispute.

10.     The WARN Act provides that employers should provide 60 days' advance notice to employees affected by a "plant closing" or "mass layoff."  29 U.S.C. § 2102(a).  If the employer fails to provide such advance notice, the employer is liable to each affected employee for "back pay for each day of violation," "benefits under an employee benefit plan," and "reasonable attorney's fees."  29 U.S.C. 2104(a)(1)(A), (B).

11.     Here, Plaintiff and the WARN Act Claimants were not provided *any* advance notice before the plant closings and/or mass layoffs that occurred on December 8, 2023.  Thus, the Debtors are liable to Plaintiff and the WARN Act Claimants for 60 days' worth of pay, benefits, and attorney fees.  This amount totals approximately $22,630,998.05.  This amount is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(1)(A)(i), (ii) because the layoffs occurred after the commencement of the Debtors' bankruptcy cases.  The courts which have considered this issue have unanimously agreed that WARN Act claims arising from post-petition terminations are entitled to administrative expense priority.  See *In re World Marketing Chicago, LLC*, 564 B.R. 587, 595-96 (N.D. Ill. 2017); *In re Powermate Holding Corp.*, 394 B.R. 765, 777 (D. Del. 2008) ("Further, those claims arising out of post-petition terminations were granted administrative expense priority."); *In re First Magnus Financial Corp.*, 390 B.R. 667, 677

(D. Ariz. 2008).

12. Section 503(b) of the Bankruptcy Code provides in pertinent part that allowed administrative expense claims exist for "the actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. §503(b)(1)(A). Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have first priority. 11 U.S.C §507(a)(2).

13. On the basis of the foregoing, Plaintiff respectfully requests that the Court enter an order allowing its administrative claim in the amount of $22,630,998.05.

14. Plaintiff reserves all rights to: (a) supplement and/or amend this Motion and to assert any additional administrative claims; and (b) amend the amount of the Administrative Claim.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order: (i) allowing the Administrative Claim in the amount of $22,630,998.05 against the Debtors; and (ii) for all other further relief that is just and proper.

DATED, this the 15th day of March, 2024.

Respectfully Submitted,

**SHELIA FATTY**

/s/ William "Jack" Simpson
WILLIAM "JACK" SIMPSON, MBN106524
*Attorney for Shelia Fatty*

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS  38829-0382

4

Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: jsimpson@langstonlott.com
*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case.

This, the 15th day of March, 2024.

By:  /s/ William "Jack" Simpson_____
      WILLIAM "JACK" SIMPSON, MBN 106524
      *Attorney for Shelia Fatty*