**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | § |
| | § **Chapter 7** |
| | § **(Previously Chapter 11)** |
| **SMILEDIRECTCLUB, INC.,** *et al.* | § |
| | § **Case No. 23-90786 (CML)** |
| **Debtors.** | § |
| | § **(Jointly Administered)** |
| | § |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER GRANTING THE TRUSTEE AND PROFESSIONALS ACCESS TO DEBTORS' ACCOUNTS, EMAILS, AND ELECTRONICALLY STORED INFORMATION**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Allison D. Byman, the Chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of SmileDirectClub, Inc., *et al.* (collectively, "SmileDirect" or the "Debtors"), hereby files this *Motion for Entry of an Order Granting the Trustee and Professionals Access to Debtors' Accounts, Emails, and Electronically Stored Information* (the "Motion"). The Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing

1

15415453

Order of Reference from the United States District Court for the Southern District of Texas, dated

May 24, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. § 1408.

3. The statutory bases for the relief requested herein are sections 105(a) and 541 of

the Bankruptcy Code.

**BACKGROUND**

4. On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases were jointly

administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b).  The Debtors

operated their businesses and managed their properties as debtors and debtors in possession

pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order

Denying Debtors' Motions and Converting Cases to Chapter 7* [Dkt. No. 617] on January 26, 2024

(the "Conversion Date").

5. On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the

Chapter 7 Trustee in these cases.

6. The Debtors' emails, instant messages, calendars, contacts, loose files, databases,

and other electronically stored information are stored on platforms owned and maintained by

Microsoft Corporation and its subsidiaries and affiliates (collectively, "Microsoft").  These

include, but are not limited to, all of Debtors' accounts and information on the Microsoft 365

platform such as those for Outlook, Teams, OneDrive, SharePoint, OneNote, Word, PowerPoint,

and Excel.  The Trustee believes that she has not been able to completely access the Debtors'

accounts, emails or other electronically stored information and Microsoft requires a court order to

provide the Trustee with complete access to the Debtor's data stored in and on Microsoft's platforms.

## RELIEF REQUESTED

7.      The Trustee respectfully requests that the Court enter an order substantially in the form attached hereto (the "Proposed Order") directing Microsoft to give the Trustee and her professionals retained in these bankruptcy cases access to all accounts, emails, instant messages, calendars, contacts, loose files, databases, and all other electronically stored information of the Debtors stored, maintained, or otherwise held by Microsoft or on its platforms.

## BASIS FOR RELIEF

8.      Section 105(a) of the Bankruptcy Code empowers bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Upon the commencement of a bankruptcy case, a bankruptcy estate is created and comprised of property "wherever located and by whomever held", as set forth in section 541(a), including all legal or equitable interests of the debtor in property as of the commencement of the case, except as otherwise included in section 541 of the Bankruptcy Code.  11 U.S.C. § 541(a).  "Property of the estate" is intentionally broad to include all tangible and intangible property interests of the debtor.  *See U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n. 9 (1983) (citation omitted).  Where a debtor retains ownership of data, the data automatically becomes property of the estate on the petition date.  *See In re Infinity Bus. Group, Inc.*, Case No. 10-06335-jw, 2012 Bankr. LEXIS 5287, at *10-11 (Bankr. D.S.C. June 1, 2012) (citing *Tidewater Fin. Co. v. Moffett (In re Moffett)*, 356 F.3d 518, 524 (4th Cir. 2004)).

9.      The accounts, emails, data, and other electronically stored information on platforms maintained by Microsoft are property of the Debtors' estates, and the Trustee and her professionals

15415453

are entitled to access such accounts, emails, data and information.  In order to continue to administer the Debtors' estates and to safeguard Debtor's books and records, the Trustee requires access to this information.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order and grant the Trustee such other and further relief as is just and proper.

Dated: June 13, 2024
Houston, Texas

**PORTER HEDGES LLP**

By:   */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (TX Bar No. 24038592)
Aaron J. Power (TX Bar No. 24058058)
1000 Main Street, 36th Floor
Houston, TX 77002-2764
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email: jwolfshohl@porterhedges.com
Email: apower@porterhedges.com

*Counsel for the Chapter 7 Trustee*

4

15415453

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on June 13, 2024, a true and correct copy of the foregoing document has been served on all parties receiving ECF notice in the above-referenced cases and by electronic mail to the party listed below:

David Litterine-Kaufman
Nicholas Poli
Mark Franke
**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142
dlitterinekaufman@orrick.com
npoli@orrick.com
mfranke@orrick.com

*Counsel for Microsoft Corporation*

By:   */s/ Joshua W. Wolfshohl*
          Joshua W. Wolfshohl

5

15415453