IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> SMILEDIRECTCLUB, INC., *et al.*, ) <br> ) <br> Debtors. ) <br> ) <br> ) <br> ) | Chapter 7 <br> (Previously Chapter 11) <br><br> Case No. 23-90786 (CML) <br><br> (Jointly Administered) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO FILE UNDER SEAL EXHIBIT THREE TO ITS EXHIBIT AND WITNESS LIST FOR FEBRUARY 14, 2025 HEARING**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 14 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Allison D. Byman, in her capacity as Chapter 7 Trustee (the "Trustee") of the jointly-administered bankruptcy estates of SmileDirectClub, Inc. LLC and the affiliated debtors (collectively, the "Debtors") in the above-captioned Chapter 7 cases files this motion to seal (this "Sealing Motion"). In support of the Sealing Motion, the Trustee respectfully states as follows:

**RELIEF REQUESTED**

1. The Trustee requests entry of an order, substantially in the form attached hereto (the "Proposed Order"), authorizing the Trustee to file under seal Exhibit Three ("Exhibit Three" or the "Master Services Agreement") to the *Chapter 7 Trustee's Exhibit and Witness List for February 14, 2025 Hearing* (the "Exhibit and Witness List") filed contemporaneously with this Sealing Motion.

2. The Trustee will file an unredacted version of Exhibit Three under seal and will serve a copy of the unredacted Exhibit Three on the Court and the United States Trustee (the "U.S. Trustee").

**JURISDICTION, VENUE, AND BASES FOR RELIEF**

3. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**BACKGROUND**

6. On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases were jointly administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b).

7. On January 26, 2024 (the "Conversion Date"), the Court entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Dkt. No. 617]. On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee in these bankruptcy cases.

8. On February 3, 2025 (the "Status Conference Date"), the Court held a status conference wherein an evidentiary hearing was scheduled for February 14, 2025. In line with Local Rule 9013-2, the Trustee prepared and filed the Exhibit and Witness List, which includes one exhibit—Exhibit Three—that was previously filed under seal in this proceeding. Exhibit Three is the Master Services Agreement of February 26, 2019, between Legility, LLC and SmileDirectClub, LLC. It was previously filed under seal as Exhibit A to the *Declaration of Nicholas A. Poli in Support of Non-Party Orrick, Herrington & Sutcliffe LLP's Opposition to the Insider Defendants' Emergency Motion to Compel* [Dkt. No. 988]. *See* Dkt. No. 898. The Master Services Agreement contains sensitive commercial information which the Trustee believes should remain confidential.

## BASIS FOR THE RELIEF REQUESTED

9. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." *Id.*

10. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b)

3

of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, that "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.  Further, Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

11. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information . . . ."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is required to protect such an entity on request of a party in interest.").  Section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27.  This "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

12. The information contained in the Master Services Agreement attached as Exhibit Three to the Trustee's Exhibit and Witness List includes contractual terms, which detail (i) the services engaged by SmileDirectClub, Inc. from Legility, LLC, (ii) the nature of those parties contractual relationship, (iii) the process and applicable bases for termination, (iv) billing and payment terms, and (v) other terms that govern SmileDirectClub, Inc. and Legility, LLC's professional relationship (the "Confidential Information"). Sealing of the Confidential Information is appropriate as it represents proprietary terms of a contract between SmileDirectClub, Inc. and Legaility, LLC. Protecting such proprietary information from competitors is appropriate and fits within the protected items enumerated in section 107(b)(1).

## NOTICE

13. In line with the requirements of Local Rule 9013-1(d), the Trustee has provided notice of this Sealing Motion to the following parties: (a) the Insider Defendants; (b) the Insider DIP Agent; (c) the Debtors; (d) Debtors' counsel; (e) the parties that have filed a notice of appearance in the Chapter 7 cases; (f) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); and (g) the U.S. Trustee. In light of the nature of the relief requested, no other or further notice is required.

## WAIVER OF BANKRUPTCY RULE 6004(h)

14. The Trustee requests that, to the extent applicable to the relief requested in the Sealing Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h). As described above, the relief requested is necessary for the Trustee to protect confidential and commercially sensitive information. Accordingly, the Trustee submits that ample cause exists to justify waiving the 14-day stay imposed by Bankruptcy Rule 6004(h).

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

*[Remainder of page intentionally left blank]*

Dated: February 12, 2025    Respectfully submitted,

By: */s/ Allison D. Byman*
    Allison D. Byman, Trustee
    7924 Broadway, Suite 104
    Pearland, Texas 77581
    Telephone: (281) 884-9768
    Email: adb@bymanlaw.com

    *Chapter 7 Trustee*


By: */s/ Ryan C. Wooten*
    **ORRICK, HERRINGTON & SUTCLIFFE LLP**
    Ryan C. Wooten, Texas Bar No. 24075308
    609 Main Street, 40th Floor
    Houston, TX 77002-3106
    Telephone: (713) 658-6400
    Facsimile:  (713) 658-6401
    Email:      rwooten@orrick.com

    Raniero D'Aversa, Jr. (admitted *pro hac vice*)
    Darrell Cafasso (admitted *pro hac vice*)
    David Litterine-Kaufman (admitted *pro hac vice*)
    Nicholas Poli (admitted *pro hac vice*)
    Mark Franke (admitted *pro hac vice*)
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone: (212) 506-5000
    Facsimile:  (212) 506-5151
    Email:      rdaversa@orrick.com
                dlitterinekaufman@orrick.com
                npoli@orrick.com
                mfranke@orrick.com

    *Proposed Special Litigation Counsel for the Chapter 7 Trustee*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February 2025, a true and correct copy of the foregoing document was filed and served via the Court's ECF and notification system to all parties registered to receive electronic notices in this matter.

/s/ *Ryan C. Wooten*
Ryan C. Wooten

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SMILEDIRECTCLUB, INC., *et al.*, | ) | Chapter 7 |
| | ) | (Previously Chapter 11) |
| Debtors. | ) | |
| | ) | Case No. 23-90786 (CML) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO FILE UNDER SEAL EXHIBIT THREE TO ITS EXHIBIT AND WITNESS LIST FOR FEBRUARY 14, 2025 HEARING**
**(Related to Docket No. __)**

Upon consideration of the motion (the "Sealing Motion")[1] of Allison D. Byman, the Chapter 7 Trustee (the "Trustee") of the jointly-administered bankruptcy estates of SmileDirectClub, Inc. and the affiliated debtors (collectively, the "Debtors") in the above-captioned Chapter 7 cases, for entry of an order (this "Order") authorizing the Trustee to file under seal Exhibit Three to the *Trustee's Exhibit and Witness List for February 14, 2025 Hearing* ("Exhibit Three") all as more fully set forth in the Sealing Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Sealing Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Sealing Motion is in the best interests of the Estates and other parties in interest; and this Court having found that the Trustee's notice of the Sealing Motion and opportunity for a hearing on the Sealing Motion was appropriate

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Sealing Motion.

under the circumstances and no other notice need be provided; and upon any hearing held on the Sealing Motion; and this Court having reviewed the Sealing Motion; and this Court having determined that the legal and factual bases set forth in the Sealing Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**

1. The Sealing Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9037-1, the Trustee is authorized to file Exhibit Three under seal.

3. To the extent that the Confidential Information is attached or referred to in any further pleadings or documents filed with this Court, this Order shall apply to such pleading or document.

4. Any party who receives the Confidential Information in accordance with this Order shall not disclose or otherwise disseminate such Confidential Information to any other person or entity, without the consent of the Trustee or further order of this Court.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: _____, 2025

_____
HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE