IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------
In re:  )  Chapter 7
  )
SMILEDIRECTCLUB, INC., *et al.*,  )  (Previously Chapter 11)
  )
  )  Case No. 23-90786 (CML)
  )
Debtors.  )  (Jointly Administered)
  )
------------------------------------------------------

**STATEMENT OF INDENTURE TRUSTEE
IN SUPPORT OF CHAPTER 7 TRUSTEE'S OBJECTION
TO MOTIONS FOR RECONSIDERATION OF ORRICK RETENTION ORDER**

Wilmington Trust, National Association, solely in its capacity as trustee (the "Indenture Trustee") under that certain indenture dated as of February 9, 2021 among SmileDirectClub, Inc. (the "Debtor" and, together with certain of its affiliates in the above-referenced bankruptcy proceeding, the "Debtors") and the Indenture Trustee, pursuant to which the Debtor issued $650,000,000 in 0.00% Convertible Senior Notes due 2026 (the "Original Convertible Notes") and provided an option to purchase up to an additional $97,500,000 in aggregate principal amount of the Original Convertible Notes, which option was exercised (the "Optional Convertible Notes," and together with the Original Convertible Notes, the "Convertible Notes"), by and through its undersigned counsel, hereby files this statement in support (the "Statement") of the *Trustee's Objection to Motions to Reconsider* [Dkt. No. 1046] (the "Objection")[1] to (i) the *DIP Agent's Motion for Reconsideration of Order Granting Second Orrick Retention Application* [Dkt. No. 1031] (the "DIP Agent's Motion") filed by Cluster Holdco LLC (the "DIP Agent") and (ii) the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

*Motion to Reconsider Order Granting Renewed Application* [Dkt. No. 1032] (the "Insiders' Motion," and together with the DIP Agent's Motion, the "Motions") filed by David Katzman, Steven Katzman, Susan Greenspon Rammelt, Kyle Wailes, and Camelot Venture Group (collectively, the "Insider Defendants," and together with the DIP Agent, the "Insiders") seeking reconsideration of the *Order Granting Renewed Application for Entry of an Order Authorizing the Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Special Litigation Counsel to the Chapter 7 Trustee* [Dkt. No. 1019] (the "Orrick Retention Order"). In support of this Statement, the Indenture Trustee respectfully represents as follows:

## STATEMENT

1. The Convertible Notes are by far the largest unsecured claim in these cases. As the Chapter 7 Trustee has testified, the only real opportunity for creditors (other than the Insiders) to realize any recovery is through prosecution of claims against the Insiders. *See, e.g.*, Dkt. No. 844, Attach. 1 ¶¶ 6-9. Despite this, substantial time and resources have been expended to hobble pursuit of those claims, draining estate resources and prolonging any chance at recovery for the benefit of all creditors.

2. Initially, the Insiders sought releases as part of the debtor-in-possession financing facility in the chapter 11 cases, but that was not approved and the DIP Lender's liens on estate claims against current and former insiders were limited to the proceeds of such claims. Later, after a sale of the Debtors' assets failed to materialize, the Debtors and creditor constituencies negotiated a deal with certain of the Insiders that would have provided for a cash payment for the benefit of general unsecured creditors and the ability to recover from the Debtors' insurance policies on claims against the Insiders. That deal was not approved, the cases were converted, and,

2

ostensibly, the only opportunity for the estates to realize any value was on the claims against the Insiders.

3. Since then, the Chapter 7 Trustee has repeatedly sought approval of the engagement of Orrick, and that retention has been opposed by the Insiders on numerous grounds, the latest asking the Court to reconsider the Orrick Retention Order by questioning, among other things, "whether Orrick's retention was in the Estate's best interest due to the Trustee's failure to show that she engaged in arm's-length negotiations over Orrick's [tiered contingency fee of up to 45%]." Dkt. No. 1032 ¶ 4. Given the dire economic reality of these cases, and the efforts of the Insiders to date in opposition to the Trustee's efforts to engage counsel to pursue claims against the Insiders, the Court should reject their request that the Court reconsider its prior action and let the Chapter 7 Trustee and Orrick move forward, without further delay, to see if they can create value for these estates.

4. Accordingly, the Indenture Trustee respectfully requests that the Court deny the Motions and uphold the Orrick Retention Order.

## **RESERVATION OF RIGHTS**

5. The Indenture Trustee hereby reserves the right to supplement or amend this Statement and to make any additional arguments at or prior to any hearing held on the Motions.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 25, 2025
      New York, New York

                                                    By: */s/ John R. Ashmead*
                                                      John R. Ashmead
                                                      Andrew J. Matott
                                                      **SEWARD & KISSEL LLP**
                                                      One Battery Park Plaza
                                                      New York, NY 10004
                                                      Telephone: (212) 574-1200
                                                      Email: ashmead@sewkis.com
                                                                    matott@sewkis.com

                                                      *Counsel to the Indenture Trustee*

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I caused a copy of the document to be filed and served via the Court's Electronic Case Filing System.

                                                  */s/ John R. Ashmead*
                                                  Counsel

SK 02463 0484 11636683 vF

2