UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § |
| | §  Chapter 7 |
| SMILEDIRECTCLUB, INC., *et al.* | § |
| | §  (Previously Chapter 11) |
| Debtors. | § |
| | §  Case No. 23-90786 (CML) |
| | § |
| | §  (Jointly Administered) |

**STIPULATION AND AGREED ORDER FOR RELIEF FROM AUTOMATIC STAY TO LIQUIDATE CLAIMS IN STATE COURT AND PURSUE CLAIMS AGAINST INSURANCE PROCEEDS ONLY**

Allison D. Byman, in her capacity as the chapter 7 trustee (the "Trustee"), and creditors Carlton Watson, Carol Watson, and Johnny Hardin (collectively, the "Plaintiffs"), by and through counsel, file this Stipulation and Agreed Order for Relief from the Automatic Stay.

WHEREAS, on July 28, 2022, Plaintiffs filed lawsuits asserting personal injury claims against the Debtors in Davidson County Circuit Court for the State of Tennessee (Docket # 22C1513 & Docket # 22C1519) (the "State Court Lawsuits");

WHEREAS, the State Court Lawsuits were stayed as September 29, 2023, the date on which the Debtors filed their chapter 11 case, and the State Court Lawsuits remain stayed pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay");

WHEREAS the Trustee and the Plaintiffs have agreed to lifting of the Automatic Stay to permit the Plaintiffs to liquidate their claims in the State Court Lawsuit only as to available insurance proceeds;

The parties agree and it is hereby ORDERED that:

1.      The Automatic Stay is hereby lifted to allow the State Court Lawsuits to proceed without further order of this Court.

2.      The Plaintiffs recovery on their claims in the State Court Lawsuit shall be limited only to available insurance proceeds, if any.

3.      Except as modified here, the Automatic Stay remains in place for all other purposes.

4.      This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings related to the subject matter hereof.

5.      This Order does not allow any other party other than the Plaintiffs to pursue claims against the Debtors in the State Court Lawsuits or in any other action.

6.      Plaintiffs are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

7.      This Stipulation and Agreed Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

8.      The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: July _____, 2025


_____
HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

RESPECTFULLY SUBMITTED:

*/s/ Aaron J. Power*
Aaron J. Power (TX Bar No. 24058058)
Porter Hedges, LLP
1000 Main Street, 36th Floor
Houston, TX 77002
Phone: (713) 226-6000
E-mail: apower@porterhedges.com

*Counsel for the Trustee*


        -and-


*/s/ James T. Sullivan*
James T. Sullivan  (BPR # 036332)
648 Beamon Drive
Franklin, TN  37064
Phone:  (931) 308-2383
E-mail: sullivan.james.1992@gmail.com

*Counsel for Creditors Carlton Watson, Carol Watson, and Johnny Hardin*


## **CERTIFICATE OF SERVICE**

I certify that on July 11, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System in the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Aaron J. Power*
Aaron J. Power