## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| | § |
| **In re:** | §   **Chapter 7** |
| | §   **(Previously Chapter 11)** |
| **SMILEDIRECTCLUB, INC.,** *et al.* | § |
| | §   **Case No. 23-90786 (CML)** |
| **Debtors.** | § |
| | §   **(Jointly Administered)** |
| | § |

### CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH ERNST & YOUNG LLP PURSUANT TO BANKRUPTCY RULE 9019

---

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

---

**To the Honorable Christopher M. Lopez,**
**United States Bankruptcy Judge:**

Allison D. Byman, in her capacity as the Chapter 7 Trustee (the "Trustee") of the jointly-administered bankruptcy estates of SmileDirectClub, Inc. and the affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 7 cases, files this motion to compromise controversy with Ernst & Young LLP ("EY" and together with the Trustee, the "Settling Parties") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Trustee respectfully states as follows:

### SUMMARY

1. Prior to the Petition Date, EY provided audit services to the Debtors. During the

90 days preceding the Petition Date, the Debtors made a transfer to EY in the amount of $250,000.00 on account of an antecedent invoice.  The Trustee believes that the transfer may be avoided while EY denies any liability with respect to the transfer.  The Settling Parties desire to resolve the alleged preferential transfer claim and agree that litigating would be costly and have an uncertain outcome.  The Trustee and EY now seek to settle the estates' alleged preferential transfer claim against EY.  The Settling Parties accordingly seek entry of an order substantially in the form attached hereto approving the Settlement Agreement (the "Agreement") executed by the Trustee and EY, which is attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3.      The predicates for relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 9019, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

**A.  Bankruptcy Background**

4.      On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "Chapter 11 Cases", and after the Conversion Date, the "Chapter 7 Cases").  The Chapter 11 Cases were jointly administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b).  On October 13, 2023, the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the

17541631

"U.S. Trustee") appointed the Official Committee of Unsecured Creditors in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1) [Docket No. 138] (the "Committee").

5.      The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Docket No. 617] on January 26, 2024 (the "Conversion Date").   The Debtors are no longer operating.   On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee in these bankruptcy cases.

**B.  Compromise Background**

6.      Prepetition, EY provided the Debtors with audit services.

7.      During the ninety (90) days prior to the Petition Date, the Debtors made the following transfer (the "Transfer") to EY:

| DATE | PAYMENT TYPE | INVOICE NO. | AMOUNT |
|---|---|---|---|
| 9/14/2023 | 00001066/1 | Bill #US01U011255807 | $250,000.00 |
| **Total** | | | **$250,000.00** |

8.      EY denies any liability with respect to the Transfer, including that the Transfer is subject to avoidance and recovery, and asserts that it has various defenses.   EY presented the Trustee with evidence of new value in the form of services which the Trustee valued at approximately $71,500.00.

9.      The parties have a material dispute over the correct calculation of EY's potential ordinary course of business defense.

10.      The Trustee and EY have engaged in arms'-length negotiations regarding the compromise and settlement of the Trustee's potential preference claim against EY.

17541631

## THE PROPOSED COMPROMISE

11.     The Settling Parties entered into the Agreement and have agreed to resolve all disputes and claims regarding the Transfer.  A summary of the salient terms of the Agreement are as follows:[1]

- EY will pay the Trustee the sum of $100,000.00 (the "Settlement Payment") within seven (7) business days from entry of a final order approving this settlement that is no longer subject to any timely appeal or motion for reconsideration.

- Upon receipt of the Settlement Payment, the Trustee will release EY of any and all claims which have been or could be made by the Trustee, the Debtors or their estates against EY, including claims pursuant to sections 547 and 550 of the Bankruptcy Code.

## ANALYSIS OF THE MERITS OF THE PROPOSED COMPROMISE

12.     Bankruptcy Rule 9019(a) provides, in relevant part:

On Motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

13.     "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (internal quotations omitted); *see also Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) ("[s]ettlements are favored [in bankruptcy]").  Settlements are considered a "normal part of the process of reorganization" and a "desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly." *Rivercity v. Herpel*

---

[1] This summary is not intended to be a comprehensive review of the provisions in the Agreement.  In the event of any inconsistencies between the terms of the Agreement and the description below, the terms of the Agreement shall control.

17541631

*(In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act).

14.     Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the debtor's estate.  *See In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015).  Ultimately, approval of a compromise is within the "sound discretion" of the bankruptcy court.  *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *see also Jackson Brewing Co.*, 624 F.2d at 602–03 (same).

15.     Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement.  *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993).  Instead, the court should determine whether the settlement as a whole is fair and equitable.  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).[2]

16.     "Great judicial deference is given to the [debtor's] exercise of business judgment." *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005).  "As long as [the decision] appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision . . . should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

---

[2] Additionally, under section 105(a) of the Bankruptcy Code, a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  Here, authorizing the Trustee to proceed with the Motion falls squarely within the spirit and letter of Bankruptcy Rule 9019, as well as the Bankruptcy Code's preference for compromise.  Therefore, to the extent necessary, section 105(a) relief is appropriate under the circumstances and would best harmonize the settlement processes contemplated by the Bankruptcy Code.

17.     The Fifth Circuit has established a three-factor balancing test under which bankruptcy courts are to analyze proposed settlements.  The factors a court must consider in determining whether a compromise is fair, equitable, and within the best interest of the estate are:

> (1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law;
>
> (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and
>
> (3) all other factors bearing on the wisdom of the compromise.

*In re Roqumore*, 393 B.R. 474, 479 (Bankr. S.D. Tex. 2008) (citing the factors set forth by the court in *Jackson Brewing*); *see also Age Ref. Inc.*, 801 F.3d at 540 (same).

18.     Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement.  First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views."  *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *see also Age Ref. Inc.*, 801 F.3d at 540 (noting the *Foster Mortgage* factors).  Second, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref. Inc.,* 801 F.3d at 540; *Foster Mortg. Corp.*, 68 F.3d at 918 (citations omitted).

19.     The Trustee believes that the proposed compromise satisfies the requirements established by the Supreme Court in *TMT Trailer* and by the Fifth Circuit in *Foster Mortgage*.

20.     The Agreement Represents the Best Outcome for the Estates.  The Trustee undertook an analysis of the Debtors' books and records to ascertain whether the Transfer made by the Debtors during the preference period was an avoidable preferential transfer.  The Trustee alleges that the Transfer was made to EY on account of an antecedent debt owed by the Debtors

at the time the Transfer was made.  The Trustee further alleges that the Transfer was made during the preference period while the Debtors were presumptively insolvent.  EY denies any liability with respect to the Transfer, including that the Transfer is subject to avoidance and recovery, and asserts that it has various defenses.  EY has asserted a subsequent new value defense of approximately $71,500.  The parties disagree on the correct calculation of EY's potential ordinary course of business defense.  With respect to the success in litigation of the claims subject to settlement, the Trustee does not believe there would be a materially better outcome for the Debtors' estates than the settlement.  After assessing the merits and risks associated with EY's potential affirmative defenses, including the subsequent new value defense and ordinary course of business defense, the Trustee believes that the compromise, as reflected in the Agreement, represents a fair and reasonable assessment of the likelihood of success on the merits and is in the best interests of the estates.

21.     <u>Complexity, Expense and Likely Duration</u>.  The Trustee's counsel is retained on a contingency fee basis.  The percentage of counsel's fee will increase if a complaint is filed against EY.  Therefore, settling this matter prior to filing suit reduces the costs to the estates.  Accordingly, this factor weighs in favor of the settlement.

22.     <u>Difficulty in Collecting Judgment</u>.  The Trustee has no reason to believe that collection of a judgment against EY would be difficult, so this factor did not influence the Trustee's belief in the reasonableness of the settlement

23.     <u>Other Factors</u>.  This settlement is the result of arms'-length negotiations between the Settling Parties.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

24.     To implement the foregoing successfully, the Trustee requests that the Court enter an order providing that notice of the relief requested herein satisfied Bankruptcy Rule 6004(a) and that the Trustee has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NO PRIOR REQUEST

25.     No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

26.     In conclusion, the Trustee requests the Court enter an order substantially in the form attached hereto, approving the compromise with EY as reflected in the Agreement.  The proposed settlement and compromise will benefit all creditors of the estate and is a sound exercise of the Trustee's business judgment.

Dated:   September 22, 2025         Respectfully submitted,
             Houston, Texas

**PORTER HEDGES LLP**

*/s/ Aaron J. Power*
Joshua W. Wolfshohl, State Bar No. 24038592
Aaron J. Power, State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6295 (fax)
jwolfshohl@porterhedges.com
 apower@porterhedges.com

*Counsel for the Chapter 7 Trustee*

17541631

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 22, 2025, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties receiving ECF notice and on the party listed below:

Ernst & Young LLP
Attn: Nava S. Sanders
Assistant General Counsel
One Manhattan West
New York, NY 10001

*/s/ Aaron J. Power*
Aaron J. Power

17541631