UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**SMILEDIRECTCLUB, INC.**, *et al.*<br><br>Debtors. | § Chapter 7<br>§ (Previously Chapter 11)<br>§<br>§ Case No. 23-90786 (CML)<br>§<br>§ (Jointly Administered)<br>§ |

**CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY
WITH DYKEMA GOSSETT, PLLC PURSUANT TO BANKRUPTCY RULE 9019**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

**To the Honorable Christopher M. Lopez,
United States Bankruptcy Judge:**

Allison D. Byman, in her capacity as the Chapter 7 Trustee (the "Trustee") of the jointly-administered bankruptcy estates of SmileDirectClub, Inc. and the affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 7 cases, files this motion to compromise controversy with Dykema Gossett, PLLC ("Dykema" and together with the Trustee, the "Settling Parties") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Trustee respectfully states as follows:

17598080

**SUMMARY**

1. Prior to the Petition Date, Dykema provided legal services to the Debtors. During the 90 days preceding the Petition Date, the Debtors made transfers to Dykema, which are likely subject to certain affirmative defenses. The Trustee and Dykema now seek to settle the estates' alleged preferential transfer claims against Dykema. The Settling Parties accordingly seek entry of an order substantially in the form attached heretso approving the settlement of potential claims which have been or could be made by the Trustee against Dykema, including claims pursuant to sections 547 and 550 of the Bankruptcy Code, as set forth more fully in the Settlement Agreement (the "Agreement") attached hereto as Exhibit 1.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3. The predicates for relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 9019, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**BACKGROUND**

**A. Bankruptcy Background**

4. On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "Chapter 11 Cases", and after the Conversion Date, the "Chapter 7 Cases"). The Chapter 11 Cases were jointly administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b). On October 13, 2023, the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the

"U.S. Trustee") appointed the Official Committee of Unsecured Creditors in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1) [Docket No. 138] (the "Committee").

5. The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Docket No. 617] on January 26, 2024 (the "Conversion Date"). The Debtors are no longer operating. On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee in these bankruptcy cases.

**B. Compromise Background**

6. Prepetition, Dykema provided legal services to the Debtors.

7. During the ninety (90) days prior to the Petition Date, the Debtors made transfers (the "Transfers") to Dykema totaling $114,964.09. The Trustee undertook an analysis of Dykema's potential affirmative defenses and concluded that (i) Dykema would likely establish $24,455.75 of new value, and (ii) $41,037.00 of the Transfers would likely qualify for an ordinary course of business defense based on the average days to pay during the pre-preference period. Dykema asserts that all of the Transfers would qualify as ordinary course.

8. The Trustee and Dykema have engaged in arms'-length negotiations regarding the compromise and settlement of the Trustee's potential preference claims against Dykema.

3

17598080

## THE PROPOSED COMPROMISE

9. The Settling Parties have agreed to resolve all disputes and claims regarding the Transfer as follows:[1]

- Dykema will pay the Trustee the sum of $30,000.00 (the "Settlement Payment") within fourteen (14) days from entry of an order approving this settlement.

- Upon receipt of the Settlement Payment, the Trustee will release Dykema of any and all claims which have been or could be made by the Trustee against Dykema, including claims pursuant to sections 547 and 550 of the Bankruptcy Code.

- In addition to any other allowed claim Dykema has against the Debtors, Dykema shall have an allowed $30,000 general unsecured claim against SmileDirectClub, Inc.

## ANALYSIS OF THE MERITS OF THE PROPOSED COMPROMISE

10. Bankruptcy Rule 9019(a) provides, in relevant part:

On Motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

11. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (internal quotations omitted); *see also Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) ("[s]ettlements are favored [in bankruptcy]"). Settlements are considered a "normal part of the process of reorganization" and a "desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly." *Rivercity v. Herpel (In re Jackson*

---

[1] This summary is not intended to be a comprehensive review of the provisions in the Agreement. In the event of any inconsistencies between the terms of the Agreement and the descriptions below, the terms of the Agreement shall control.

17598080

*Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act).

12.     Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the debtor's estate. *See In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). Ultimately, approval of a compromise is within the "sound discretion" of the bankruptcy court. *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *see also Jackson Brewing Co.*, 624 F.2d at 602–03 (same).

13.     Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).[2]

14.     "Great judicial deference is given to the [debtor's] exercise of business judgment." *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005). "As long as [the decision] appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision . . . should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

---

[2] Additionally, under section 105(a) of the Bankruptcy Code, a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Here, authorizing the Trustee to proceed with the Motion falls squarely within the spirit and letter of Bankruptcy Rule 9019, as well as the Bankruptcy Code's preference for compromise. Therefore, to the extent necessary, section 105(a) relief is appropriate under the circumstances and would best harmonize the settlement processes contemplated by the Bankruptcy Code.

17598080

15. The Fifth Circuit has established a three-factor balancing test under which bankruptcy courts are to analyze proposed settlements. The factors a court must consider in determining whether a compromise is fair, equitable, and within the best interest of the estate are:

> (1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law;
>
> (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and
>
> (3) all other factors bearing on the wisdom of the compromise.

*In re Roqumore*, 393 B.R. 474, 479 (Bankr. S.D. Tex. 2008) (citing the factors set forth by the court in *Jackson Brewing*); *see also Age Ref. Inc.*, 801 F.3d at 540 (same).

16. Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *see also Age Ref. Inc.*, 801 F.3d at 540 (noting the *Foster Mortgage* factors). Second, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref. Inc.,* 801 F.3d at 540; *Foster Mortg. Corp.*, 68 F.3d at 918 (citations omitted).

17. The Trustee believes that the proposed compromise satisfies the requirements established by the Supreme Court in *TMT Trailer* and by the Fifth Circuit in *Foster Mortgage*.

18. <u>The Settlement Agreement Represents the Best Outcome for the Estates</u>. The Trustee undertook an analysis of the Debtors' books and records to ascertain whether the Transfers made by the Debtors during the preference period were avoidable preferential transfers. The Transfers were made to Dykema on account of antecedent debts owed by the Debtors at the time

6

17598080

the Transfers were made.  The Transfers were made during the preference period while the Debtors were presumptively insolvent.  Dykema has a new value defense of $24,455.75.  Dykema has a potential ordinary course of business defense under section 547(c)(2) of the Bankruptcy Code for at least $41,037.00.  Dykema asserts that it has a complete ordinary course defense.  With respect to the success in litigation of the claims subject to settlement, the Trustee does not believe there would be a materially better outcome for the Debtors' estates than the settlement.  After assessing the merits and risks associated with Dykema's potential affirmative defenses, the Trustee believes that the compromise represents a fair and reasonable assessment of the likelihood of success on the merits and is in the best interests of the estates.

19. <u>Complexity, Expense and Likely Duration</u>.  The Trustee's counsel is retained on a contingency fee basis.  The percentage of counsel's fee will increase if a complaint is filed against Dykema.  Therefore, settling this matter prior to filing suit reduces the costs to the estates.  Accordingly, this factor weighs in favor of the settlement.

20. <u>Difficulty in Collecting Judgment</u>.  The Trustee has no reason to believe that collection of a judgment against Dykema would be difficult, so this factor did not influence the Trustee's belief in the reasonableness of the settlement

21. <u>Other Factors</u>.  This settlement is the result of arms'-length negotiations between the Settling Parties.

## **WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)**

22. To implement the foregoing successfully, the Trustee requests that the Court enter an order providing that notice of the relief requested herein satisfied Bankruptcy Rule 6004(a) and that the Trustee has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

17598080

**NO PRIOR REQUEST**

23. No prior motion for the relief requested herein has been made to this Court or any other court.

**CONCLUSION**

24. In conclusion, the Trustee requests the Court enter an order substantially in the form attached hereto, approving the settlement and compromise with Dykema as reflected in the Agreement. The proposed settlement and compromise will benefit all creditors of the estate and is a sound exercise of the Trustee's business judgment.

Dated: September 25, 2025
Houston, Texas

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Aaron J. Power*
Joshua W. Wolfshohl, State Bar No. 24038592
Aaron J. Power, State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6295 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

*Counsel for the Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2025, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties receiving ECF notice and on the party listed below:

Dykema Gossett, PLLC
Attn: Jeffrey R. Fine
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
jfine@dykema.com

                                                    */s/ Aaron J. Power*
                                                    Aaron J. Power