UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SMILEDIRECTCLUB, INC., *et al.* | § | CASE NO. 23-90786 (CML) |
| | § | |
| Debtors. | § | Chapter 7 |
| | § | |
| ALLISON D. BYMAN, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| Plaintiff. | § | |
| | § | Adv. No. 25-_____ |
| vs. | § | |
| | § | |
| COMMERCETOOLS, INC., | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT**

Allison D. Byman (the "Trustee"), the Chapter 7 Trustee for the Bankruptcy Estates of SmileDirectClub, Inc., *et al*. (the "Debtors"), files this Complaint against Commercetools, Inc. (the "Defendant") seeking to avoid and recover certain pre-petition transfers as preferences pursuant to 11 U.S.C. §§ 547 and 550 and disallowance of the Defendant's claim pursuant to 11 U.S.C. § 502(d).

**PARTIES AND JURISDICTION**

1.      The Trustee may be served in this adversary through the undersigned counsel.

2.      The Defendant is a Delaware corporation that may be served through its registered agent for service of process, Global Virtual Agent Services, LLC, 651 N. Broad St., Suite 308, Middletown, DE 19709.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Relief is sought pursuant to 11 U.S.C. §§ 502, 547 and 550 and other applicable law.

17546873

4. This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O). The Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

### SUMMARY OF THE TRUSTEE'S COMPLAINT

6. The Trustee seeks to recover payments totaling $112,386.00 made by one or more of the Debtors to the Defendant pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code") plus pre- and post-petition interest in accordance with applicable law. Additionally, the Trustee seeks disallowance of the Defendant's proof of claim filed in this case pursuant to 11 U.S.C. § 502(d).

### STATEMENT OF RELEVANT FACTS

**A. The Debtors**

7. Prepetition, the Debtors engaged in the business of providing clear aligner therapy across the United States and internationally. The Debtors' physical footprint consisted of a manufacturing facility and over 100 "SmileShop" retail locations that customers could visit for oral imaging and other services.

8. On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "Chapter 11 Cases", and after the Conversion Date, the "Chapter 7 Cases"). The Chapter 11 Cases were jointly administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b). On October 13, 2023, the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the "U.S. Trustee") appointed the Official Committee of Unsecured

Creditors in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1) [Docket No. 138].

9. The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Docket No. 617] on January 26, 2024 (the "Conversion Date"). The Debtors are no longer operating. On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee in these bankruptcy cases.

10. The Defendant provided technology services to the Debtors.

11. On November 20, 2023, the Defendant filed a proof of claim for a general unsecured claim against SmileDirectClub, LLC in the amount of $224,772.00, based on technology services performed (Claim No. 2137).

**B. The Transfer**

12. During the ninety (90) days prior to the Petition Date, the Debtors made at least the following transfer to the Defendant:

| DATE | PAYMENT TYPE | INVOICE # | AMOUNT |
|---|---|---|---|
| 07/26/2023 | 00001005/43 | Bill XINVUS00000802C | $112,386.00 |
| **Total** | | | **$112,386.00** |

**C. The Defendant's Statutory Defenses**

13. The Trustee conducted reasonable due diligence under the circumstances of this case into the Defendant's potential statutory defenses and concluded that:

  a. The Transfer was not made as part of a contemporaneous exchange of value. *See* 11 U.S.C. § 547(c)(1).

  b. The average days to pay for the Transfer made during the preference period was longer than the average days to pay for transfers occurring prior to the preference period. Therefore, the Transfer does not qualify as made in the ordinary course of business. *See* 11 U.S.C. § 547(c)(2).

  c. After the Transfer, the Defendant did not extend new value to the Debtors unsecured by an otherwise unavoidable security interest. Therefore, the Defendant does not have a new value defense. *See* 11 U.S.C. § 547(c)(4).

  d. None of the other statutory defenses are applicable.

14. Accordingly, the Trustee believes that she has conducted reasonable due diligence under the circumstances.

## PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547

15. The payments received by the Defendant within ninety (90) days of the Petition Date (the "Transfer") are avoidable as preferential transfers under § 547 of the Bankruptcy Code. Under § 547, the Trustee:

may avoid any transfer of an interest of the debtor in property—
 (1) to or for the benefit of a creditor;
 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
 (3) made while the debtor was insolvent;
 (4) made—
  (A) on or within 90 days before the date of the filing of the petition; or
  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

      (5) that enables such creditor to receive more than such creditor would receive if—

          (A) the case were a case under chapter 7 of this title;

          (B) the transfer had not been made; and

          (C) such creditor receive payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

16. The Transfer set forth above was made within ninety (90) days of the Petition Date.

17. The Transfer was on account of an antecedent debt owed by the Debtors to the Defendant.

18. The Transfer was to or for the benefit of the Defendant as a creditor.

19. The Transfer was made while the Debtors were insolvent.

20. The Transfer enabled the Defendant to receive more than it would have received in a chapter 7 bankruptcy.

21. After reasonable due diligence, the Trustee concluded that the Defendant does not have any statutory defenses after consideration of the Defendant's potential and applicable affirmative defenses.

### RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550

22. Under § 550(a) of the Bankruptcy Code, the Trustee may recover the Transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a).

23. The Defendant was both the initial transferee and the beneficiary of the Transfer as specifically set forth above. Consequently, the Trustee is entitled to avoid and recover the

Transfer made within ninety (90) days of the Petition Date as set forth above plus pre- and post-judgment interest.

### REQUEST FOR PRE- AND POST-JUDGMENT INTEREST

24. The Trustee seeks pre-judgment interest on the value of all Transfers from the date of transfer through the date of judgment at the rate of 5% per annum. The Trustee seeks post-judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate.

### DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(D)

25. The Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code and is a transferee of a transfer avoidable under section 547 of the Bankruptcy Code.

26. The Defendant has not turned over the Transfer for which the Defendant is liable under Section 550.

27. Pursuant to Section 502(d) of the Bankruptcy Code, Claim No. 2137 filed by the Defendant must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the Transfer plus applicable interest.

### PRAYER

Accordingly, the Trustee requests the Court to enter judgment as set forth above and to grant such other relief as is just.

17546873

Dated: September 25, 2025
Houston, Texas

          Respectfully submitted,

          **Porter Hedges LLP**

By:   /s/ Aaron J. Power
       Joshua W. Wolfshohl (TX Bar No. 24038592)
       Aaron J. Power (TX Bar No. 24058058)
       1000 Main Street, 36th Floor
       Houston, Texas 77002
       Telephone: (713) 226-6000
       Facsimile: (713) 228-1331
       Email: jwolfshohl@porterhedges.com
             apower@porterhedges.com

*Counsel for the Chapter 7 Trustee*

17546873