UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SMILEDIRECTCLUB, INC., *et al.* | § | CASE NO. 23-90786 (CML) |
| | § | |
| Debtors. | § | Chapter 7 |
| | § | |
| ALLISON D. BYMAN, | § | |
| CHAPTER 7 TRUSTEE, | § | |
|    Plaintiff. | § | |
| | § | Adv. No. 25-_____ |
| vs. | § | |
| | § | |
| NATURAL INTELLIGENCE LTD., | § | |
| | § | |
|    Defendants. | § | |

## ORIGINAL COMPLAINT

Allison D. Byman (the "Trustee"), the Chapter 7 Trustee for the Bankruptcy Estates of SmileDirectClub, Inc., *et al.* (the "Debtors"), files this Complaint against Natural Intelligence Ltd. (the "Defendant") seeking to avoid and recover certain pre-petition transfers as preferences pursuant to 11 U.S.C. §§ 547 and 550 and disallowance of the Defendant's claim pursuant to 11 U.S.C. § 502(d).

### PARTIES AND JURISDICTION

1. The Trustee may be served in this adversary through the undersigned counsel.

2. The Defendant is an Israeli limited company that may be served through the Hague Service Convention.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Relief is sought pursuant to 11 U.S.C. §§ 502, 547 and 550 and other applicable law.

17706633

4. This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O). The Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## SUMMARY OF THE TRUSTEE'S COMPLAINT

6. The Trustee seeks to recover payments totaling $897,407.70 made by one or more of the Debtors to or for the benefit of the Defendant, directly or indirectly, pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code") plus pre- and post-petition interest in accordance with applicable law. Additionally, the Trustee seeks disallowance of the Defendant's proof of claim filed in this case pursuant to 11 U.S.C. § 502(d).

## STATEMENT OF RELEVANT FACTS

A. The Debtors

7. Prepetition, the Debtors engaged in the business of providing clear aligner therapy across the United States and internationally. The Debtors' physical footprint consisted of a manufacturing facility and over 100 "SmileShop" retail locations that customers could visit for oral imaging and other services.

8. On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "Chapter 11 Cases", and after the Conversion Date, the "Chapter 7 Cases"). The Chapter 11 Cases were jointly administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b). On October 13, 2023, the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the "U.S. Trustee") appointed the Official Committee of Unsecured

Creditors in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1) [Docket No. 138].

9. The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Docket No. 617] on January 26, 2024 (the "Conversion Date"). The Debtors are no longer operating. On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee in these bankruptcy cases.

10. Commission Junction LLC ("Commission Junction") provided advertising, promoting and marketing services to the Debtors.

11. On information and belief, the Commission Junction was contractually entitled to receive a small percentage of the approved net media spend through the Debtors' advertising plan with Commission Junction. The remaining money Commission Junction received from the Debtors was passed on to advertisers and marketing companies, including the Defendant, as consideration for leads and sales.

12. During the preference period, Commission Junction paid the Defendant at total of $897,407.70 from funds received from the Debtor. Commission Junction has asserted that it was a mere conduit of these funds.

13. On November 1, 2023, the Defendant filed proof of claim no. 366 against SmileDirectClub, LLC in the amount of $120,045.55 as a general unsecured claim.

**B. The Transfers**

14.     During the ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtors made at least the following transfers to Commission Junction (the "CJ Transfers"):

| Payment Date/ Invoice Date | Payment Check/Wire | Invoice No. | Payment |
|---|---|---|---|
| 7/13/2023 | Wire 071323-2 | Bill #CJ 6200077-01 23 Correction | $672,044.35 |
| 7/26/2023 | 00001005/26 | Bill #CJ 6200140-04 23 | $907.28 |
| 7/26/2023 | 00001005/26 | Bill #CJ 6200140-05 23 | $39.81 |
| 8/4/2023 | 231001034 | Bill #CJ 6200077-02 23 Correction | $374,130.32 |
| 8/8/2023 | 2310010063 | Bill #CJ 6200077-03 23 Correction | $357,547.88 |
| 8/23/2023 | 00001044/41 | Bill #CJ 6200140-06 23 | $3,717.56 |
| | | **TOTAL** | **$1,408,384.20** |

15.     During the Preference Period, Commission Junction transferred $897,407.70 from the CJ Transfers to the Defendant (the "NI Transfers") on account of advertising services provided by the Defendant for the benefit of the Debtors.

**C. Statutory Defenses**

16.     The Trustee conducted reasonable due diligence under the circumstances of this case into the Defendant's potential statutory defenses and concluded that:

  a. None of the CJ Transfers or NI Transfers were made as part of a contemporaneous exchange of value. *See* 11 U.S.C. § 547(c)(1).

  b. The average days to pay for the CJ Transfers and NI Transfers made during the Preference Period was longer than the average days to pay for transfers occurring prior to the Preference Period. Therefore, the CJ Transfers and NI Transfers do not qualify as made in the ordinary course of business. *See* 11 U.S.C. § 547(c)(2).

  c. The Defendant may have a partial new value defense on account of the services referenced in its proof of claim, but further discovery will be required to fully analyze this defense. *See* 11 U.S.C. § 547(c)(4).

      d.  None of the other statutory defenses are applicable.

17.    Accordingly, the Trustee believes that she has conducted reasonable due diligence under the circumstances.

### PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547
### (ALL DEFENDANTS)

18.    The NI Transfers are avoidable as preferential transfers under § 547 of the Bankruptcy Code. Under § 547, the Trustee:

> may avoid any transfer of an interest of the debtor in property—
>> (1) to or for the benefit of a creditor;
>> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>> (3) made while the debtor was insolvent;
>> (4) made—
>>> (A) on or within 90 days before the date of the filing of the petition; or
>>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>>
>> (5) that enables such creditor to receive more than such creditor would receive if—
>>> (A) the case were a case under chapter 7 of this title;
>>> (B) the transfer had not been made; and
>>> (C) such creditor receive payment of such debt to the extent provided by the provisions of this title.
>
> 11 U.S.C. § 547(b).

19.    The CJ Transfers and NI Transfers set forth above were made within ninety (90) days of the Petition Date.

20.    The NI Transfers were on account of an antecedent debt owed by the Debtors, through Commission Junction, to the Defendant.

21.    The NI Transfers were to or for the benefit of the Defendant.

22. The NI Transfers were made while the Debtors were insolvent.

23. The NI Transfers enabled the Defendant to receive more than it would have received in a chapter 7 bankruptcy.

24. After receiving the CJ Transfers, Commission Junction made the NI Transfers to the Defendant.

25. Accordingly, the Trustee is entitled to avoid the NI Transfers pursuant to § 547.

### RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550

26. Under § 550(a) of the Bankruptcy Code, the Trustee may recover the NI Transfers from "the initial transferee of such transfer or the entity for whose benefit such transfer was made or any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a).

27. Defendant is an initial transferee of the NI Transfers as a result of Commission Junction being a mere conduit or Defendant is an immediate transferee of Commission Junction as the initial transferee.

28. Consequently, the Trustee is entitled to recover the avoided NI Transfers from the Defendant.

### REQUEST FOR PRE- AND POST-JUDGMENT INTEREST

29. The Trustee seeks pre-judgment interest on the value of all NI Transfers from the date of transfer through the date of judgment at the rate of 5% per annum. The Trustee seeks post-judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate.

### DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(D)

30. The Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code and is a transferee of a transfer avoidable under section 547 of the

Bankruptcy Code.

31. The Defendant has not turned over the NI Transfers for which the Defendant is liable under Section 550.

32. Pursuant to Section 502(d) of the Bankruptcy Code, Claim No. 366 filed by the Defendant must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the NI Transfers plus applicable interest.

### RESERVATION OF RIGHTS

33. The Trustee reserves the right to amend this Complaint to name additional subsequent transferees or assert additional claims related to the CJ Transfers and NI Transfers against any party.

### PRAYER

Accordingly, the Trustee requests the Court to enter judgment as set forth above and to grant such other relief as is just.

Dated: September 29, 2025
Houston, Texas

          Respectfully submitted,

          **Porter Hedges LLP**

By: /s/ Aaron J. Power
Joshua W. Wolfshohl (TX Bar No. 24038592)
Aaron J. Power (TX Bar No. 24058058)
Michael B. Dearman (TX Bar No. 24116270)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 228-1331
Email: jwolfshohl@porterhedges.com
     apower@porterhedges.com
     mdearman@porterhedges.com

*Counsel for the Chapter 7 Trustee*