**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **SMILEDIRECTCLUB, INC., *et al.*** | § | |
| | § | **Case No. 23-90786 (CML)** |
| **Debtors.** | § | **(Jointly Administered)** |

**CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY**
**WITH KULZER, LLC PURSUANT TO BANKRUPTCY RULE 9019**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**To the Honorable Christopher M. Lopez,**
**United States Bankruptcy Judge:**

Allison D. Byman, in her capacity as the Chapter 7 Trustee (the "Trustee") of the jointly-administered bankruptcy estates of SmileDirectClub, Inc. and the affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 7 cases, files this motion to compromise controversy with Kulzer, LLC ("Kulzer" and together with the Trustee, the "Settling Parties") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Trustee respectfully states as follows:

## SUMMARY

1. Prior to the Petition Date, Kulzer, LLC provided goods and materials to the Debtors. During the 90 days preceding the Petition Date, the Debtors made transfers to Kulzer totaling $1,112,076.52, which are subject to several affirmative defenses. The Trustee and Kulzer

now seek to settle the estates' alleged preferential transfer claims against Kulzer. The Settling Parties accordingly seek entry of an order substantially in the form attached hereto approving the settlement of claims which have been or could be made by the Trustee against Kulzer, including claims pursuant to sections 547 and 550 of the Bankruptcy Code and section 502(d) of the Bankruptcy Code, as set forth more fully in the Settlement Agreement (the "Agreement") attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3. The predicates for relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 9019, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

### A. Bankruptcy Background

4. On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "Chapter 11 Cases", and after the Conversion Date, the "Chapter 7 Cases"). The Chapter 11 Cases were jointly administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b). On October 13, 2023, the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1) [Docket No. 138] (the "Committee").

5. The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Docket No. 617] on January 26, 2024 (the "Conversion Date"). The Debtors are no longer operating. On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee in these bankruptcy cases.

**B. Compromise Background**

6. Kulzer, LLC provided goods and materials to the Debtors.

7. During the ninety (90) days prior to the Petition Date, the Debtors made transfers (the "Transfers") to Kulzer totaling $1,112,076.52. Kulzer presented the Trustee with evidence of a subsequent new value defense for goods provided to the Debtors that were unpaid as of the Petition Date in the amount of $261,976.00, resulting in a net potentially recoverable amount of $850,100.04.

8. Additionally, Kulzer asserts that it is entitled to a setoff or otherwise has a defense to the Transfers based on an administrative claim for post-petition invoices in the amount of $243,865.46 and a 503(b)(9) claim in the amount of $277,024.23.[1]

9. Kulzer also asserts that it has an ordinary course of business defense. The Trustee's analysis of the payment history is that the average days to pay prepetition was 24 with a total range of 7 to 163 days. The Transfers occurred between 37 and 77 days. Kulzer disputes the Trustee's allegations and denies that it has any liability.

10. On November 14, 2025, the Trustee filed the Original Complaint (the "Complaint") against Kulzer to recover the Transfers. [Adv. No. 25-03824, Docket No. 1].

[1] There is substantial overlap between the 503(b)(9) transfers and the credit for the subsequent new value defense.

11. The Trustee served Kulzer with discovery to which Kulzer has responded.

12. The Trustee and Kulzer have engaged in arms'-length negotiations regarding the compromise and settlement of the Trustee's potential preference claims against Kulzer.

**THE PROPOSED COMPROMISE**

13. The Settling Parties have agreed to resolve all disputes and claims regarding the Transfers as follows:

- Kulzer will pay the Trustee the sum of $75,000.00 (the "Settlement Payment") within thirty (30) days from entry of an order approving this settlement.
- Upon receipt of the Settlement Payment, the Trustee will release Kulzer of any and all claims which have been or could be made by the Trustee against Kulzer, including claims pursuant to sections 547 and 550 of the Bankruptcy Code and section 502(d) of the Bankruptcy Code and dismiss the Complaint against Kulzer.

**ANALYSIS OF THE MERITS OF THE PROPOSED COMPROMISE**

14. Bankruptcy Rule 9019(a) provides, in relevant part:

> On Motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

15. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (internal quotations omitted); *see also Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) ("[s]ettlements are favored [in bankruptcy]"). Settlements are considered a "normal part of the process of reorganization" and a "desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly." *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act).

16. Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the debtor's estate. *See In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). Ultimately, approval of a compromise is within the "sound discretion" of the bankruptcy court. *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *see also Jackson Brewing Co.*, 624 F.2d at 602—03 (same).

17. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

18. "Great judicial deference is given to the [debtor's] exercise of business judgment." *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005). "As long as [the decision] appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision . . . should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

19. The Fifth Circuit has established a three-factor balancing test under which bankruptcy courts are to analyze proposed settlements. The factors a court must consider in determining whether a compromise is fair, equitable, and within the best interest of the estate are:

> (1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law;
>
> (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and
>
> (3) all other factors bearing on the wisdom of the compromise.

*In re Roqumore*, 393 B.R. 474, 479 (Bankr. S.D. Tex. 2008) (citing the factors set forth by the court in *Jackson Brewing*); *see also Age Ref. Inc.*, 801 F.3d at 540 (same).

20. Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *see also Age Ref. Inc.*, 801 F.3d at 540 (noting the *Foster Mortgage* factors). Second, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref. Inc.*, 801 F.3d at 540; *Foster Mortg. Corp.*, 68 F.3d at 918 (citations omitted).

21. The Trustee believes that the proposed compromise satisfies the requirements established by the Supreme Court in *TMT Trailer* and by the Fifth Circuit in *Foster Mortgage*.

22. <u>The Settlement Agreement Represents the Best Outcome for the Estates</u>. The Trustee undertook an analysis of the Debtors' books and records to ascertain whether the Transfers made by the Debtors during the preference period are avoidable preferential transfers. The Transfers were made to Kulzer on account of antecedent debts owed by the Debtors at the time the Transfers were made. The Transfers were made during the preference period while the Debtors were presumptively insolvent. The Trustee further analyzed invoices and other documents provided by Kulzer in support of potential affirmative defenses. Kulzer has a potential subsequent new value defense in the amount of $261,976.00 for goods provided to the Debtors that remained unpaid as of the Petition Date, reducing the net potentially recoverable amount to $850,100.04. Additionally, Kulzer filed Proof of Claim No. 11, asserting an unsecured claim of $908,764.72, of which $277,024.32 is asserted as an administrative priority claim under section 503(b)(9) of the

Bankruptcy Code. Kulzer also asserts that it is entitled to a credit for $243,865.46 in post-petition invoices that were not paid and became an administrative claim. Finally, while the Trustee believes she has the stronger argument regarding the ordinary course of business defense, she considered that there is significant risk given the timeline of payments described in the facts above.

23. With respect to the success in litigation of the claims subject to settlement, the Trustee has considered the risks and uncertainties of continued litigation, including the costs of prosecuting claims against a defendant with potential meritorious defenses and the foreign collectability concerns described below. After assessing the merits and risks associated with Kulzer's potential affirmative defenses and the challenges of international enforcement, the Trustee believes that the compromise represents a fair and reasonable assessment of the likelihood of success on the merits and is in the best interests of the estates.

24. Complexity, Expense and Likely Duration. The expense of prosecuting the Complaint and Kulzer's potential defenses—including discovery relating to nine separate transfers totaling over $1.1 million, multiple affirmative defenses, and potential section 503(b)(9) administrative priority issues—is likely to be substantial and could exceed the incremental recovery over the settlement amount. Additionally, the international nature of enforcement against a European-affiliated entity adds further complexity and expense. This factor weighs in favor of settlement.

25. Difficulty in Collecting Judgment. Kulzer, LLC is a Delaware limited liability company affiliated with a European parent entity domiciled in Germany. Accordingly, enforcement of any judgment obtained by the Trustee could potentially require recognition proceedings in Germany or other European jurisdictions. The costs and delays attendant to international enforcement proceedings—including potential litigation under foreign law,

translation costs, compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and the inherent uncertainty of obtaining recognition of a United States bankruptcy court judgment abroad—weigh significantly in favor of settlement. The Settlement Payment avoids these risks and provides a certain and immediate recovery for the benefit of the Debtors' estates.

26. Other Factors. This settlement is the result of arms'-length negotiations between the Settling Parties.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

27. To implement the foregoing successfully, the Trustee requests that the Court enter an order providing that notice of the relief requested herein satisfied Bankruptcy Rule 6004(a) and that the Trustee has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NO PRIOR REQUEST

28. No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

29. In conclusion, the Trustee requests the Court enter an order substantially in the form attached hereto, approving the settlement and compromise with Kulzer as reflected in the Agreement. The proposed settlement and compromise will benefit all creditors of the estate and is a sound exercise of the Trustee's business judgment.

Dated: September 14, 2026
Houston, Texas

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Aaron J. Power*
Joshua W. Wolfshohl, State Bar No. 24038592
Aaron J. Power, State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6295 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

*Counsel for the Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties receiving ECF notice and on the party listed below:

Kulzer, LLC
C/O Mark C. Taylor
KANE RUSSELL COLEMAN LOGAN PC
401 Congress Ave., Suite 2100
Austin, Texas 78701
mtaylor@krcl.com

*/s/ Aaron J. Power*
Aaron J. Power