**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **SMILEDIRECTCLUB, INC., *et al.*** | § | |
| | § | **Case No. 23-90786 (CML)** |
| **Debtors.** | § | **(Jointly Administered)** |

**CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH CAVEX HOLLAND BV PURSUANT TO BANKRUPTCY RULE 9019**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**To the Honorable Christopher M. Lopez,**
**United States Bankruptcy Judge:**

Allison D. Byman, in her capacity as the Chapter 7 Trustee (the "Trustee") of the jointly-administered bankruptcy estates of SmileDirectClub, Inc. and the affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 7 cases, files this motion to compromise controversy with Cavex Holland BV ("Cavex" and together with the Trustee, the "Settling Parties") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Trustee respectfully states as follows:

## SUMMARY

1. Prior to the Petition Date, Cavex Holland BV provided goods and/or services to the Debtors. During the 90 days preceding the Petition Date, the Debtors made transfers to Cavex totaling $544,395.75, which are subject to several affirmative defenses. The Trustee and Cavex

now seek to settle the estates' alleged preferential transfer claims against Cavex. The Settling Parties accordingly seek entry of an order substantially in the form attached hereto approving the settlement of claims which have been or could be made by the Trustee against Cavex, including claims pursuant to sections 547 and 550 of the Bankruptcy Code, as set forth more fully in the Settlement Agreement (the "Agreement") attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3. The predicates for relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 9019, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

### A. Bankruptcy Background

4. On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "Chapter 11 Cases", and after the Conversion Date, the "Chapter 7 Cases"). The Chapter 11 Cases were jointly administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b). On October 13, 2023, the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1) [Docket No. 138] (the "Committee").

5. The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court

entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Docket No. 617] on January 26, 2024 (the "Conversion Date"). The Debtors are no longer operating. On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee in these bankruptcy cases.

**B. Compromise Background**

6. Cavex Holland BV provided goods and/or services to the Debtors.

7. During the ninety (90) days prior to the Petition Date, the Debtors made transfers (the "Transfers") to Cavex totaling $544,395.75. Cavex did not extend new value to the Debtors after the Transfers, and the Trustee's analysis indicates the full amount of $544,395.75 is potentially recoverable.

8. On November 14, 2025, the Trustee filed the Original Complaint (the "Complaint") against Cavex to recover the Transfers. [Adv. No. 25-03823, Docket No. 1].

9. The Trustee served Cavex with discovery to which Cavex has responded.

10. Cavex asserts that it has no liability based on an ordinary course of business defense. The Trustee's analysis of the payment history is that the average days to pay prepetition was 67 with a total range of 46 to 173 days. The payments occurred at 80, 83, and 93 days respectively. Cavex disputes the Trustee's allegations.

11. Cavex is domiciled in the Netherlands and appears to only introduce products in the U.S. market through distributors.

12. The Trustee was not able to locate any assets in the United States against which a judgment could be enforced.

13. The Trustee and Cavex have engaged in arms'-length negotiations regarding the compromise and settlement of the Trustee's potential preference claims against Cavex.

## THE PROPOSED COMPROMISE

14. The Settling Parties have agreed to resolve all disputes and claims regarding the Transfers as follows:

- Cavex will pay the Trustee the sum of $60,000.00 (the "Settlement Payment") within thirty (30) days from entry of an order approving this settlement.
- Upon receipt of the Settlement Payment, the Trustee will release Cavex of any and all claims which have been or could be made by the Trustee against Cavex, including claims pursuant to sections 547 and 550 of the Bankruptcy Code and dismiss the Complaint against Cavex.

## ANALYSIS OF THE MERITS OF THE PROPOSED COMPROMISE

15. Bankruptcy Rule 9019(a) provides, in relevant part:

> On Motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

16. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (internal quotations omitted); *see also Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) ("[s]ettlements are favored [in bankruptcy]"). Settlements are considered a "normal part of the process of reorganization" and a "desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly." *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act).

17. Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is

fair, reasonable, and in the best interest of the debtor's estate. *See In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). Ultimately, approval of a compromise is within the "sound discretion" of the bankruptcy court. *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *see also Jackson Brewing Co.*, 624 F.2d at 602—03 (same).

18. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

19. "Great judicial deference is given to the [debtor's] exercise of business judgment." *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005). "As long as [the decision] appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision . . . should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

20. The Fifth Circuit has established a three-factor balancing test under which bankruptcy courts are to analyze proposed settlements. The factors a court must consider in determining whether a compromise is fair, equitable, and within the best interest of the estate are:

> (1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law;
>
> (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and
>
> (3) all other factors bearing on the wisdom of the compromise.

*In re Roqumore*, 393 B.R. 474, 479 (Bankr. S.D. Tex. 2008) (citing the factors set forth by the court in *Jackson Brewing*); *see also Age Ref. Inc.*, 801 F.3d at 540 (same).

21. Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *see also Age Ref. Inc.*, 801 F.3d at 540 (noting the *Foster Mortgage* factors). Second, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref. Inc.*, 801 F.3d at 540; *Foster Mortg. Corp.*, 68 F.3d at 918 (citations omitted).

22. The Trustee believes that the proposed compromise satisfies the requirements established by the Supreme Court in *TMT Trailer* and by the Fifth Circuit in *Foster Mortgage*.

23. The Settlement Agreement Represents the Best Outcome for the Estates. The Trustee undertook an analysis of the Debtors' books and records to ascertain whether the Transfers made by the Debtors during the preference period are avoidable preferential transfers. The Transfers were made to Cavex on account of antecedent debts owed by the Debtors at the time the Transfers were made. The Transfers were made during the preference period while the Debtors were presumptively insolvent. The Trustee further analyzed invoices and other documents provided by Cavex in support of potential affirmative defenses. The Trustee's analysis indicates that Cavex does not have a viable subsequent new value defense, as Cavex did not extend new value to the Debtors after the Transfers. While the Trustee believes that she has the stronger argument regarding the ordinary course of business defense, she considered that there is significant risk given the timeline of payments described in the facts above.

24. The Trustee has considered significant practical impediments to litigation, recovery, and enforcement including the fact that Cavex is a Dutch entity (Besloten Vennootschap)

domiciled in the Netherlands. The costs and uncertainties of international service of process through the Central Authority of the Netherlands pursuant to the Hague Service Convention, the risks of cross-border enforcement, and the potential for protracted litigation against a foreign entity all materially impact the expected net recovery. After assessing the merits and risks associated with Cavex's potential defenses and the substantial challenges of international enforcement, the Trustee believes that the compromise represents a fair and reasonable assessment of the likelihood of actual recovery and is in the best interests of the estates.

25. Complexity, Expense and Likely Duration. The expense of prosecuting the Complaint against Cavex—a Dutch entity domiciled in the Netherlands—is likely to be substantial. International service of process through the Hague Convention's Central Authority mechanism involves significant delays. Discovery against a foreign entity presents additional logistical challenges and costs. The anticipated cost of litigation, combined with the uncertainties inherent in cross-border proceedings, weighs heavily in favor of settlement.

26. Difficulty in Collecting Judgment. Cavex Holland BV is a Dutch Besloten Vennootschap domiciled in the Netherlands and outside of the United States. Accordingly, enforcement of any judgment obtained by the Trustee would require recognition proceedings in the Netherlands. The costs and delays attendant to international enforcement proceedings—including potential litigation under Dutch law, translation costs, compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and the inherent uncertainty of obtaining recognition of a United States bankruptcy court judgment in the Netherlands—weigh significantly in favor of settlement. The Netherlands is not a party to any bilateral treaty with the United States for mutual recognition of judgments, and Dutch courts retain

discretion to deny recognition of foreign judgments. The Settlement Payment avoids these risks and provides a certain and immediate recovery for the benefit of the Debtors' estates.

27. Other Factors. This settlement is the result of arms'-length negotiations between the Settling Parties.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

28. To implement the foregoing successfully, the Trustee requests that the Court enter an order providing that notice of the relief requested herein satisfied Bankruptcy Rule 6004(a) and that the Trustee has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NO PRIOR REQUEST

29. No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

30. In conclusion, the Trustee requests the Court enter an order substantially in the form attached hereto, approving the settlement and compromise with Cavex as reflected in the Agreement. The proposed settlement and compromise will benefit all creditors of the estate and is a sound exercise of the Trustee's business judgment.

Dated: September 14, 2026
Houston, Texas

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Aaron J. Power*
Joshua W. Wolfshohl, State Bar No. 24038592
Aaron J. Power, State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6295 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

*Counsel for the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties receiving ECF notice and on the party listed below via email:

Cavex Holland BV
C/O Mark C. Taylor
KANE RUSSELL COLEMAN LOGAN PC
401 Congress Ave., Suite 2100
Austin, Texas 78701
mtaylor@krcl.com

*/s/ Aaron J. Power*
Aaron J. Power