**EXHIBIT 1**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "***Agreement***") is entered into by and between Allison D. Byman, as the Chapter 7 Trustee (the "***Trustee***") of the jointly-administered bankruptcy estates of SmileDirectClub, Inc. and its affiliated debtors (collectively, the "***Debtors***") in their Chapter 7 cases pending in the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***") and Cavex Holland BV ("***Cavex***"). The Trustee and Cavex are each a "***Party***" to this Agreement and, collectively, they are referred to as the "***Parties***."

## RECITALS

The Parties enter into this Agreement with reference to the following facts:

**WHEREAS**, on September 29, 2023 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its Order Denying Debtors' Motions and Converting Cases to Chapter 7 [Docket No. 617] on January 26, 2024 (the "***Conversion Date***"). The Debtors are no longer operating.

**WHEREAS**, on the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee in these bankruptcy cases.

**WHEREAS**, after reviewing the Debtors' books and records, the Trustee believes that during the 90 days prior to the Petition Date, the Debtors transferred or otherwise paid to Cavex the sum of $544,395.75 (the "***Transfers***"), and that the Transfers are avoidable preferential transfers. Cavex disputes that it has any liability.

**WHEREAS**, Cavex Holland BV is domiciled in the Netherlands and outside of the United States, and the Trustee has considered the additional costs, delays, and uncertainties associated with enforcing any judgment against a foreign entity, including potential recognition proceedings abroad and the absence of a bilateral treaty between the United States and the Netherlands for mutual recognition of judgments, which further supports the reasonableness of this settlement.

**WHEREAS**, the Parties desire to resolve all of these claims and issues by this Agreement and agree that litigating these issues would be costly and have an uncertain outcome.

**WHEREAS**, the Parties have engaged in discussions regarding the Transfers and, as a result of those discussions and to avoid further costs and the attendant risks of litigation, have decided to resolve the disputes concerning the Transfers upon the terms and conditions set forth in this Agreement.

**NOW THEREFORE**, in consideration of the foregoing Recitals, the mutual covenants contained herein, and the consideration to be paid hereunder, the adequacy and receipt of which is hereby acknowledged, and with the intent to be bound thereby, the Parties agree as follows:

## INCORPORATION OF RECITALS

1. **Incorporation**. The above Recitals of this Agreement are incorporated into and are a material part of this Agreement.

## COVENANTS, REPRESENTATIONS AND WARRANTIES

2. All Parties represent and warrant the following:

a. All Parties represent and warrant that they have had the benefit of legal counsel of their own choosing in connection with the negotiation, preparation, and execution of this Agreement. This Agreement was jointly prepared and reviewed by the Parties hereto, each of which was represented by counsel. No rule of interpretation disfavoring the drafter of an agreement or instrument shall be applied.

b. All Parties represent and warrant that they have the full right and authority to execute this Agreement. All Parties represent and warrant that the signatory below has the full right and authority to sign for and bind the Party. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective agents, parents, subsidiaries, affiliates, representatives, officers and directors, successors, heirs, and assigns.

c. All Parties expressly represent and warrant that no promise, inducement, pledge, or agreement that is not herein expressed has been made to the other Party in executing this Agreement, and that the Parties are not relying upon any statement or representation—oral or written—of the other Party or any agent thereof, including their attorneys, agents, or representatives, except those made in this Agreement. **THE PARTIES REPRESENT AND WARRANT THAT THEY ARE SPECIFICALLY WAIVING ANY FRAUDULENT INDUCEMENT CLAIMS AND/OR CLAIMS OF RELIANCE, EXCEPT CLAIMS OF RELIANCE BASED ON THE STATEMENTS EXPRESSLY MADE IN THIS AGREEMENT.**

3. **Survival of Representations and Warranties**. The foregoing representations and warranties shall survive the termination of this Agreement.

## TERMS OF AGREEMENT

In consideration of the mutual promises and agreements contained in this Agreement—including the acknowledgements, representations and warranties set forth above—the Parties agree as follows:

4. **Consideration:** The Parties have agreed to enter into this Agreement in exchange for the releases and other covenants expressed herein, as well as for the following consideration:

a. ***Payment***: Cavex will pay the Trustee the total sum of SIXTY THOUSAND DOLLARS AND NO CENTS ($60,000.00) by wire transfer, pursuant to instructions that the Trustee provides to Cavex, within thirty (30) days from entry of an order by the Bankruptcy Court approving this Agreement. Trustee

understands that Cavex cannot pay any amounts without having received a current Form W-9 from the Trustee.

5. **Release**. Upon the Trustee's receipt in full of the total payment of $60,000.00 set forth above, the Trustee, on behalf of the Debtors and their estates, irrevocably and unconditionally releases, acquits and forever discharges Cavex and its respective agents, parents, subsidiaries, affiliates, representatives, successors, heirs, administrators, guarantors, executors, assigns, attorneys, and any other person or entity claiming through or under them, from any and all Claims of or that could be brought by the Trustee, the Debtors or their estates that are based on, relate to, refer to, or arise out of (i) any of the matters or facts set forth in the Recitals of this Agreement and the Transfers; and (ii) any other matters or facts occurring prior to and including the date of this Agreement, whether or not relating to or arising out of the Transfers. **PROVIDED, HOWEVER, THAT The Parties do not release any claims related to this Agreement, including for breach of the COVENANTS, representations and warranties CONTAINED HEREIN.**

6. **Dismissal**. Within five (5) business days after receipt in full of the total payment of $60,000.00 set forth above, the Trustee shall dismiss the Original Complaint against Cavex to recover the Transfers (Adv. No. 25-03823, Docket No. 1).

7. **Attorneys' Fees, Expenses, and Costs**. The Parties agree that they shall each bear their own attorneys' fees, expenses, and costs associated and incurred in connection with this Agreement.

8. **Governing Law**. This Agreement shall be governed and enforced in accordance with the laws of the State of Texas, without regard to its conflict of laws principles.

9. **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, fully supersedes any and all prior understandings, representations, warranties, and agreements between the Parties hereto, or any of them, pertaining to the subject matter hereof, and may be modified only by written agreement signed by all of the Parties hereto. No express or implied promises, inducements, or agreements have been made by any Party to the other except as specifically and expressly set forth within this Agreement.

10. **Counterparts**. This Agreement may be executed in counterparts. Each counterpart shall be deemed an original, and when taken together with other signed counterparts shall constitute one agreement, which shall be binding upon and effective as to all the Parties. Signatures by facsimile and/or by e-mail shall be deemed as effective as original signatures. A photocopy of the executed version of this Agreement is for all purposes deemed original.

IN WITNESS WHEREOF, this instrument is executed by the following:

______________________________
Allison D. Byman
In her capacity as the Chapter 7 Trustee
of the jointly-administered bankruptcy estates
of SmileDirectClub, Inc. and its affiliated debtors
Dated: September ____, 2026

**Cavex Holland BV:**

Signature: ______________________________

Print Name: ______________________________

Print Title: ______________________________

Dated: September __, 2026